**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Road-Con, Inc., Neshaminy Constructors, Inc., | : | |
| Loftus Construction, Inc., PKF-Mark III, and | : | |
| Scott A. Lavaca | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | NO. 2:19-cv-01667-JS |
| vs. | : | |
| | : | |
| City of Philadelphia and James Kenney, in his official | : | |
| Capacity as Mayor of the City of Philadelphia | : | |
| Defendants | : | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendants, the City of Philadelphia (the "City") and James Kenney, in his official

capacity as Mayor of the City of Philadelphia (collectively "Defendants"), by and through their

undersigned counsel, hereby answer Plaintiffs Road-Con, Inc., Neshaminy Constructors, Inc.,

Loftus Construction, Inc., PKF-Mark III, and Scott A. LaCava's Third Amended Complaint as

follows:

### PARTIES

1.      Denied.  After reasonable investigation, the Defendants are without knowledge or

information sufficient to form a belief as to the truth of the averments contained in this paragraph

of the Complaint.  Strict proof is demanded.

2.      Denied.  After reasonable investigation, the Defendants are without knowledge or

information sufficient to form a belief as to the truth of the averments contained in this paragraph

of the Complaint.  Strict proof is demanded.

3.      Denied.  After reasonable investigation, the Defendants are without knowledge or

information sufficient to form a belief as to the truth of the averments contained in this paragraph

of the Complaint.  Strict proof is demanded.

4.      Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

5.      Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

6.      Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

7.      Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

8.      Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

9.      The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response.  To the extent a response is required, denied.

10.     Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

11.     Denied.  After reasonable investigation, the Defendants are without knowledge or

information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

12.    Admitted.

13.    Admitted in part, denied in part.  It is admitted that James Kenney is the Mayor of the City of Philadelphia.  The remaining allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

## JURISDICTION AND VENUE

14.    The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response.  To the extent a response is required, denied.

15.    The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response.  To the extent a response is required, denied.

## BACKGROUND

**A.    Project Labor Agreements**

16.    The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response.  To the extent a response is required, denied.

17.    The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response.  To the extent a response is required, denied.

18.    Denied.  After reasonable investigation, the Defendants are without knowledge or

information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

**B.      The City of Philadelphia's Project Labor Agreement**

      **1.      Executive Orders 15-11 and 8-15 and the process to implement a PLA**

19.     Admitted.

20.     The Executive Order and the terms thereof speak for themselves.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.

21.     The Executive Order and the terms thereof speak for themselves.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.

22.     The Executive Order and the terms thereof speak for themselves.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.

23.     The Executive Order and the terms thereof speak for themselves.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.

24.     The Executive Order and the terms thereof speak for themselves.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.

25.     The Executive Order and the terms thereof speak for themselves.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.

26.     The Executive Order and the terms thereof speak for themselves.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.

27.     The Executive Order and the terms thereof speak for themselves.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.

28.     The Executive Order and the terms thereof speak for themselves.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Admitted in part, denied in part.  It is admitted only that Executive Order 8-15 was signed by Mayor Michael Nutter on December 31, 2015.  The Executive Order and the terms thereof speak for themselves.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.

33.     The Executive Orders and the terms thereof speak for themselves.  Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

34.     The Executive Orders and the "city's bid documents" and the terms thereof speak for themselves.  Therefore, any allegations related to these documents are denied.  The second sentence of this paragraph is denied as stated. A form "Philadelphia Public Projects Labor Agreement" is attached to Executive Order 15-11 on the referenced City website. To the extent

other allegations are deemed factual, they are denied.

35. Admitted in part and denied in part. Admitted that Executive Order 8-15 was in effect when Plaintiffs filed their original Complaint in this case and that Executive Order 5-20 was issued on October 15, 2020 and rescinded Executive Order 8-15. The remainder of allegations in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response.  To the extent a response is required, denied.

       **2.**        **The Model PLA**

36. The Executive Order and the terms thereof speak for themselves.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.

37. Denied.

       **3.**        **The PLA's Union Membership and Hiring Hall Requirements**

38. The document titled "Philadelphia Public Projects Labor Agreement" attached to Executive Order No. 15-11 and the terms thereof speak for themselves.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.

39. The document titled "Philadelphia Public Projects Labor Agreement" attached to Executive Order No. 15-11 and the terms thereof speak for themselves.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.

40. The document titled "Philadelphia Public Projects Labor Agreement" attached to Executive Order No. 15-11 and the terms thereof speak for themselves.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed

factual, they are denied.

41.     The document titled "Philadelphia Public Projects Labor Agreement" attached to Executive Order No. 15-11 and the terms thereof speak for themselves.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.

42.     The document titled "Philadelphia Public Projects Labor Agreement" attached to Executive Order No. 15-11 and the terms thereof speak for themselves.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.

**C.      The PLA's Incorporation of Certain Union Collective Bargaining**

43.     Executive Order No. 15-11 and the attached document titled "Philadelphia Public Projects Labor Agreement" and the terms thereof speak for themselves.  Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

44.     Denied.

45.     Admitted.

46.     Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

47.     Admitted.

48.     The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response.  To the extent a response is required, denied.

49.     The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response.  To the extent a response is required, denied.

**D.      The PLA's Diversity-And-Inclusion Goals**

50.     The Executive Orders and the terms thereof speak for themselves.  Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

51.     The Executive Orders and the terms thereof speak for themselves.  Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

52.     The Executive Orders and the terms thereof speak for themselves.  Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

53.     The Executive Orders and the attached document titled "Philadelphia Public Projects Labor Agreement" and the terms thereof speak for themselves.  Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

54.     The Executive Orders and the attached document titled "Philadelphia Public Projects Labor Agreement" and the terms thereof speak for themselves.  Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

55.     The Executive Orders and the attached document titled "Philadelphia Public Projects Labor Agreement" and the terms thereof speak for themselves.  Therefore, any allegations

related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

56.     The Executive Orders and the attached document titled "Philadelphia Public Projects Labor Agreement" and the terms thereof speak for themselves.  Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

57.     The Executive Orders and the attached document titled "Philadelphia Public Projects Labor Agreement" and the terms thereof speak for themselves.  Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

**E.      The City's Persistent Refusal to Include the United Steelworkers In Its Project Labor Agreements**

58.     Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

59.     Denied.

60.     The referenced Declaration and letter are writings which speak for themselves. Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

61.     The referenced Declaration and letter are writings which speak for themselves. Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

62.     The referenced Declaration and letter are writings which speak for themselves. Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

63.     Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

64.     The referenced Declaration and letter are writings which speak for themselves. Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

65.     Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

66.     The referenced Declaration and letter are writings which speak for themselves. Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

67.     Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

68.     The referenced Declaration and letter are writings which speak for themselves. Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

69.     The referenced Declaration and letter are writings which speak for themselves. Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

70.     The referenced Declaration and letter are writings which speak for themselves. Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

71.     Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

72.     Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

73.     The referenced Declaration and letter are writings which speak for themselves. Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

74.     Denied.

75.     The referenced Declaration and letter are writings which speak for themselves. Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

76.     The referenced Declaration and letter are writings which speak for themselves. Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

77.     The referenced Declaration and letter are writings which speak for themselves. Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

78.     Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

79.     The referenced Declaration and letter are writings which speak for themselves. Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

80.     Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

81.     The referenced Declaration and letter are writings which speak for themselves. Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

82.     Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

83.     The referenced Declaration and letter are writings which speak for themselves. Therefore, any allegations related to these documents are denied.  Further, to the extent any allegations are deemed factual, they are denied.

84.     The referenced Declaration and letter are writings which speak for themselves. Therefore, any allegations related to these documents are denied. Further, to the extent any allegations are deemed factual, they are denied.

85.     The referenced Declaration and letter are writings which speak for themselves. Therefore, any allegations related to these documents are denied. Further, to the extent any allegations are deemed factual, they are denied.

86.     Denied. After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint. Strict proof is demanded.

87.     Denied.

88.     The referenced Declaration and letter are writings which speak for themselves. Therefore, any allegations related to these documents are denied. Further, to the extent any allegations are deemed factual, they are denied.

89.     The referenced Declaration is a writing which speaks for itself. Therefore, any allegations related to these documents are denied. Further, to the extent any allegations are deemed factual, they are denied.

90.     Denied.

**F.      Plaintiffs' Relationships with the United Steelworkers of America**

91.     Denied. After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint. Strict proof is demanded.

92.     Denied. After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph

of the Complaint.  Strict proof is demanded.

93.     Denied.  After reasonable investigation, the Defendants are without knowledge or

information sufficient to form a belief as to the truth of the averments contained in this paragraph

of the Complaint.  Strict proof is demanded.

94.     The allegations contained in this paragraph constitute conclusions of law and/or

Plaintiffs' statement of the case and, therefore, require no response.  To the extent a response is

required, denied.

95.     Denied.  After reasonable investigation, the Defendants are without knowledge or

information sufficient to form a belief as to the truth of the averments contained in this paragraph

of the Complaint.  Strict proof is demanded.

96.     Admitted.

97.     Admitted.

98.     Admitted.

99.     Denied.

100.    The allegations contained in this paragraph constitute conclusions of law and/or

Plaintiffs' statement of the case and, therefore, require no response.  To the extent a response is

required, denied.

101.    Denied.  After reasonable investigation, the Defendants are without knowledge or

information sufficient to form a belief as to the truth of the averments contained in this paragraph

of the Complaint.  Strict proof is demanded.

**G.      City Bid Solicitation B1904805, 15th Street Bridge Rehab Over City Branch
         Railroad Cut**

102.    Admitted.

103.    Denied.  Per PHL Contracts website, opening of bids for the project occurred on April 30,

14

2019.

104.    Denied as stated. It is admitted only that at the time the original Complaint was filed in this case, the 15th Street Project was subject to a PLA. The remaining allegations contained in this paragraph are denied. The 15th Street PLA was withdrawn and never used for the 15th Street Project.

105.    Denied.

106.    Denied as stated. The unions listed in this paragraph were initially signatories to the 15th Street Project PLA. However, the 15th Street Project PLA was withdrawn and never used for the 15th Street Project.

107.    The 15th Street PLA and the terms thereof speak for themselves.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.  The 15th Street PLA was withdrawn and never used for the 15th Street Project.

108.    The 15th Street PLA and the terms thereof speak for themselves.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.  The 15th Street PLA was withdrawn and never used for the 15th Street Project.

109.    Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

110.    Denied as stated.  It is admitted that Plaintiffs Road-Con and Loftus were approved bidders for the 15th Street Project.  The remaining allegations contained in this paragraph are denied.

111.    Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

112.    The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response.  To the extent a response is required, denied.

113.    Road-Con's email speaks for itself.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.

114.    The City's email speaks for itself.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.

115.    Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

**H.      City Bid Solicitation No. B1904626-PNE-0340.24 Runway 6-24 Pavement Rehabilitation - Package 2**

116.    Admitted.

117.    Denied as stated. It is admitted only that at the time the original Complaint was filed in this case, the Runway Project was subject to a PLA. The remaining allegations contained in this paragraph are denied. The Runway Project PLA was withdrawn and never used for the Runway Project.

118.    Denied.  The Runway Project PLA was withdrawn and never used for the Runway Project.

119.    Denied as stated. The unions listed in this paragraph were initially signatories to the Runway Project PLA.  However, the Runway Project PLA was withdrawn and never used for the

Runway Project.

120.    Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

121.    Denied as stated.  It is admitted that Plaintiff Road-Con was an approved bidder for the Runway Project.  The remaining allegations contained in this paragraph are denied.

122.    Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

123.    The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response.  To the extent a response is required, denied.  Further, the Runway Project PLA was withdrawn and never used for the Runway Project.

124.    The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response.  To the extent a response is required, denied.  Further, the Runway Project PLA was withdrawn and never used for the Runway Project.

125.     Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

126.    Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

I.   **Other Ways in Which The City of Philadelphia Has Discriminated Against the Steelworker-Affiliated Contractors**

127.   Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

128.   Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.  To the extent that allegations in this Paragraph are conclusions of law, no response is necessary.

129.   Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded.

130.   Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded. To the extent that allegations in this Paragraph are conclusions of law, no response is necessary.

131.   Denied.  After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.  Strict proof is demanded. To the extent that allegations in this Paragraph are conclusions of law, no response is necessary.

**J.   Mayor Kenney Rescinds Executive Order 8-15 And Issues Executive Order 4-20**

132.   Admitted.

133.   Executive Order 4-20 speaks for itself.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.

134.     Executive Order 4-20 speaks for itself.  Therefore, any allegations related to this document are denied.  Further, to the extent any allegations are deemed factual, they are denied.

135.     The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response.

## CAUSES OF ACTION

### COUNT 1

**The Project Labor Agreements and Executive Orders Violate 42.U.S.C § 1983 And The First and Fourteenth Amendments**

136.     The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response.

137.     The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response.

138.     The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response.

139.     The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response.

140.     The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response.

141.     The allegations contained in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case and, therefore, require no response.

### COUNT 2

**The Project Labor Agreements and Executive Orders Violate 42 U/S/C §1981 And The Equal Protection Clause By Imposing Diversity-And-Inclusion Requirements On Contractors and Unions**

142.     The allegations in this Paragraph are conclusions of law to which no response is

necessary.  To the extent any allegations are deemed factual, they are denied.

143.    The allegations in this Paragraph are conclusions of law to which no response is
necessary.  To the extent any allegations are deemed factual, they are denied.

144.    The allegations in this Paragraph are conclusions of law to which no response is
necessary.  To the extent any allegations are deemed factual, they are denied.

145.    The allegations in this Paragraph are conclusions of law to which no response is
necessary.  To the extent any allegations are deemed factual, they are denied.

## COUNT 3

**The Project Labor Agreements And Executive Orders Violate State and City Competitive-Bidding Laws**

146.    The allegations in this Paragraph are conclusions of law to which no response is
necessary.  To the extent any allegations are deemed factual, they are denied.

147.    The allegations in this Paragraph are conclusions of law to which no response is
necessary.  To the extent any allegations are deemed factual, they are denied.

148.    The allegations in this Paragraph are conclusions of law to which no response is
necessary.  To the extent any allegations are deemed factual, they are denied.

149.    The allegations in this Paragraph are conclusions of law to which no response is
necessary.  To the extent any allegations are deemed factual, they are denied.

150.    The allegations in this Paragraph are conclusions of law to which no response is
necessary.  To the extent any allegations are deemed factual, they are denied.

151.    The allegations in this Paragraph are conclusions of law to which no response is
necessary.  To the extent any allegations are deemed factual, they are denied.

152.    The allegations in this Paragraph are conclusions of law to which no response is
necessary.  To the extent any allegations are deemed factual, they are denied.

153.     The allegations in this Paragraph are conclusions of law to which no response is necessary.  To the extent any allegations are deemed factual, they are denied.

154.     The allegations in this Paragraph are conclusions of law to which no response is necessary.  To the extent any allegations are deemed factual, they are denied.

155.     The allegations in this Paragraph are conclusions of law to which no response is necessary.  To the extent any allegations are deemed factual, they are denied.

156.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of the Complaint.  Strict proof is demanded.

157.     The allegations in this Paragraph are conclusions of law to which no response is necessary.  To the extent any allegations are deemed factual, they are denied.

158.     Denied.

159.     The allegations in this Paragraph are conclusions of law to which no response is necessary.  To the extent any allegations are deemed factual, they are denied.

160.     The allegations in this Paragraph are conclusions of law to which no response is necessary.  To the extent any allegations are deemed factual, they are denied.

161.      The allegations in this Paragraph are conclusions of law to which no response is necessary.  To the extent any allegations are deemed factual, they are denied.

## COUNT 4

**The Project Labor Agreements And Executive Orders Were Imposed in Violation of the City Charter**

162.     The allegations in this Paragraph are conclusions of law to which no response is necessary.  To the extent any allegations are deemed factual, they are denied.

163.     The allegations in this Paragraph are conclusions of law to which no response is

necessary.  To the extent any allegations are deemed factual, they are denied.

## DEMAND FOR RELIEF

164.    The allegations in this Paragraph are conclusions of law to which no response is necessary.  To the extent any allegations are deemed factual, they are denied.  By way of further response, Plaintiffs' demands for relief are not proportional to the factual allegations contained in the Third Amended Complaint.  The Court cannot grant the requested relief because Plaintiffs have not alleged sufficient facts that would allow the Court to rule on all project labor agreements used by the City.

**WHEREFORE**, Defendants respectfully demand judgment in their favor, and against Plaintiffs, together with costs, on all Counts of the Third Amended Complaint.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs have failed to state a claim upon which the Court may grant relief.

2.    Plaintiffs have failed to state a claim for violation of the First Amendment.

3.    Plaintiffs have failed to state a claim for violation of the Fourteenth Amendment.

4.    Plaintiffs have failed to state a claim for violation of the Equal Protection Clause.

5.    Plaintiffs have failed to state a claim for violation of Commonwealth and City competitive bidding laws.

6.    Plaintiffs have failed to state a claim for violation of the City Charter.

7.    Plaintiffs' claims are moot.

8.    Plaintiffs' claims are not ripe.

9.    Plaintiffs lack standing.

10.    Plaintiffs lack taxpayer standing.

11.    Plaintiffs lack standing to challenge the City's use of PLAs on projects for which

Plaintiffs are not qualified and/or are not interested in bidding.

12.     Plaintiffs lack standing to challenge the City's use of PLAs on projects for which the United Steelworkers are a signatory to the PLA.

13.     Plaintiffs' claims are barred and/or reduced pursuant to the doctrine of statute of limitations.

14.     Plaintiffs' claims are barred and/or reduced pursuant to the doctrine of laches.

15.     Plaintiffs' claims are barred and/or reduced pursuant to the doctrine of waiver.

16.     Plaintiffs' claims are barred and/or reduced pursuant to the doctrine of estoppel.

        **WHEREFORE**, the Defendants respectfully demand judgment in their favor, and against Plaintiffs, together with costs, on all Counts of the Third Amended Complaint.


Date: <u>September 23, 2021</u>                    Respectfully Submitted,

                                          /s/ Lydia Furst
                                          Amy M. Kirby
                                          Deputy City Solicitor
                                          Pa. Attorney ID No. 323938
                                          Lydia M. Furst
                                          Deputy City Solicitor
                                          Pa Attorney ID No. 307450
                                          City of Philadelphia Law Department
                                          1515 Arch Street, 15th Floor
                                          Philadelphia, PA 19102
                                          (215) 683-3573
                                          amy.kirby@phila.gov
                                          lydia.furst@phila.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the date set forth below, I served a true and correct copy of the foregoing Answer to Plaintiffs' Third Amended Complaint by Notice of Docket Activity sent automatically by CM/ECF on all counsel of record.


BY:   <u>/s/ Lydia Furst</u>
Deputy City Solicitor


Dated:  <u>September 23, 2021</u>