# Exhibit 9
(Defendants' Answers to Plaintiffs' Second Set of Requests For Admission)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROAD-CON, INC.; NESHAMINY CONSTRUCTORS, INC.; LOFTUS CONSTRUCTION, INC.; PKF-MARK III; and SCOTT A LAVACA<br>    Plaintiff<br><br>vs.<br><br>THE CITY OF PHILADELPHIA; and JAMES KENNEY, In his official capacity as Mayor of the City of Philadelphia<br>    Defendants | Case No. 2:19-cv-01667-JS |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants Mayor James Kenney and the City of Philadelphia (the "City" of "Defendants"), by and through their undersigned attorneys, respond to Plaintiffs' Second Requests for Admission (the "Requests") as follows.

## GENERAL OBJECTIONS

1. The City objects to all of the Requests on the basis that they are unrelated to any party's claims or defenses and not proportional to the needs of the case given the very limited importance of the discovery sought. In particular, these requests seek information related to PLA usage for <u>all</u> City of Philadelphia projects with an estimated cost in excess of $3,000,000, from January 1, 2016 to April 18, 2019. These broad requests have no relevance to Plaintiffs' claims that they were harmed by the City's use of PLAs on specific projects on which Plaintiffs claim they would have bid but for the City's use of a PLA. The City's burden in reviewing relevant documents to answer these requests far outweighs any benefit.

2. The City reserves its right to revise or supplement its responses herein based on its ongoing review of relevant records.

**SPECIFIC RESPONSES TO REQUESTS FOR ADMISSION**

1. From January 1, 2016, until the time the original complaint in this lawsuit was filed on April 18, 2019, the City has imposed (or attempted to impose) a project labor agreement on at least 95% of the public-works construction projects procured by the City with an estimated cost in excess of $3,000,000.

**ANSWER:** After reasonable inquiry, the information that the City knows or can readily obtain is insufficient to enable it to admit or deny this Request. In particular, the City's review of past project documents has been limited by the closure of City offices. Despite best efforts, the City has been unable to complete a full review of all relevant projects documents at this time, and therefore it is not possible at this time (nor is it relevant, as stated in the General Objection above) to assign a specific percentage to the City's past PLA usage.

2. From January 1, 2016, until the time the original complaint in this lawsuit was filed on April 18, 2019, the City has imposed (or attempted to impose) a project labor agreement on at least 90% of the public-works construction projects procured by the City with an estimated cost in excess of $3,000,000.

**ANSWER:** After reasonable inquiry, the information that the City knows or can readily obtain is insufficient to enable it to admit or deny this Request. In particular, the City's review of past project documents has been limited by the closure of City offices. Despite best efforts, the City has been unable to complete a full review of all relevant projects documents at this time, and therefore it is not possible at this time (nor is it relevant, as

stated in the General Objection above) to assign a specific percentage to the City's past PLA usage.

3. From January 1, 2016, until the time the original complaint in this lawsuit was filed on April 18, 2019, the City has imposed (or attempted to impose) a project labor agreement on at least 85% of the public-works construction projects procured by the City with an estimated cost in excess of $3,000,000.

**ANSWER:** After reasonable inquiry, the information that the City knows or can readily obtain is insufficient to enable it to admit or deny this Request. In particular, the City's review of past project documents has been limited by the closure of City offices. Despite best efforts, the City has been unable to complete a full review of all relevant projects documents at this time, and therefore it is not possible at this time (nor is it relevant, as stated in the General Objection above) to assign a specific percentage to the City's past PLA usage.

4. From January 1, 2016, until the time the original complaint in this lawsuit was filed on April 18, 2019, the City has imposed (or attempted to impose) a project labor agreement on at least 80% of the public-works construction projects procured by the City with an estimated cost in excess of $3,000,000.

**ANSWER:** After reasonable inquiry, the information that the City knows or can readily obtain is insufficient to enable it to admit or deny this Request. In particular, the City's review of past project documents has been limited by the closure of City offices. Despite best efforts, the City has been unable to complete a full review of all relevant projects documents at this time, and therefore it is not possible at this time (nor is it relevant, as stated in the General Objection above) to assign a specific percentage to the City's past

PLA usage.

5. From January 1, 2016, until the time the original complaint in this lawsuit was filed on April 18, 2019, the City has imposed (or attempted to impose) a project labor agreement on at least 70% of the public-works construction projects procured by the City with an estimated cost in excess of $3,000,000.

**ANSWER:** After reasonable inquiry, the information that the City knows or can readily obtain is insufficient to enable it to admit or deny this Request. In particular, the City's review of past project documents has been limited by the closure of City offices. Despite best efforts, the City has been unable to complete a full review of all relevant projects documents at this time, and therefore it is not possible at this time (nor is it relevant, as stated in the General Objection above) to assign a specific percentage to the City's past PLA usage.

6. From January 1, 2016, until the time the original complaint in this lawsuit was filed on April 18, 2019, the City has imposed (or attempted to impose) a project labor agreement on at least 60% of the public-works construction projects procured by the City with an estimated cost in excess of $3,000,000.

**ANSWER:** After reasonable inquiry, the information that the City knows or can readily obtain is insufficient to enable it to admit or deny this Request. In particular, the City's review of past project documents has been limited by the closure of City offices. Despite best efforts, the City has been unable to complete a full review of all relevant projects documents at this time, and therefore it is not possible at this time (nor is it relevant, as stated in the General Objection above) to assign a specific percentage to the City's past PLA usage.

7. From January 1, 2016, until the time the original complaint in this lawsuit was filed on April 18, 2019, the City has imposed (or attempted to impose) a project labor agreement on at least 50% of the public-works construction projects procured by the City with an estimated cost in excess of $3,000,000.

**ANSWER:** After reasonable inquiry, the information that the City knows or can readily obtain is insufficient to enable it to admit or deny this Request. In particular, the City's review of past project documents has been limited by the closure of City offices. Despite best efforts, the City has been unable to complete a full review of all relevant projects documents at this time, and therefore it is not possible at this time (nor is it relevant, as stated in the General Objection above) to assign a specific percentage to the City's past PLA usage.

Notwithstanding and without waiver of the foregoing objections, and in the interest of moving this case forward, the City is willing to stipulate that it used a project labor agreement on a majority of the public-works construction projects with an estimated cost in excess of $3,000,000 procured by the City from January 1, 2016 to April 18, 2019.

Date:  August 31, 2020                    Respectfully Submitted,

/s/ Lydia Furst_____
Amy M. Kirby
Deputy City Solicitor
Pa. Attorney ID No. 323938
Lydia M. Furst
Deputy City Solicitor
Pa Attorney ID No. 307450
City of Philadelphia
Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
(215) 683-3573
amy.kirby@phila.gov
lydia.furst@phila.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I served a true and correct copy of the foregoing Responses and Objections to Plaintiffs' Second Requests for Admission by email on the following counsel:

Walter S. Zimolong
Zimolong, LLC
P.O. Box 552
Villanova, Pennsylvania 19085
(215) 665-0842
wally@zimolonglaw.com

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Plaintiffs*

BY: /s/ Lydia Furst
      Deputy City Solicitor

Dated: August 31, 2020