# Exhibit 12
## (Declaration of Walter S. Zimolong)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

|  |  |
|---|---|
| **Road-Con, Inc.**; **Neshaminy Constructors, Inc.**; **Loftus Construction, Inc.**; **PKF-Mark III, Inc.**; and **Scott A. LaCava**,<br><br>            Plaintiffs,<br><br>v.<br><br>**City of Philadelphia**; and **James Kenney**, in his official capacity as mayor of the City of Philadelphia,<br><br>            Defendants. | Case No. 2:19-cv-01667-JS |

### DECLARATION OF WALTER S. ZIMOLONG

I, Walter S. Zimolong, declare as follows:

1.   My name is Walter S. Zimolong. I am over 21 years old and fully competent to make this declaration. I submit this declaration in support of the reply supporting the plaintiffs' supplemental summary-judgment brief.

2.   I have personal knowledge of the matters contained in this declaration, and all of the facts stated in this declaration are true and correct.

3.   I represent the plaintiffs in this litigation.

4.   The city's brief of January 12, 2021, claims that the plaintiffs and plaintiffs' counsel knew (or should have known), at the time we filed our lawsuit on April 18, 2019, that the city was excluding the United Steelworkers from the city's project labor agreement because the United Steelworkers could not comply with the PLA's diversity-and-inclusion goals. *See* City's Br. (ECF No. 56) at 5; *see also id.* at 1 ("Plaintiffs were aware of the facts giving rise to their new claims in November 2018 or earlier").

ZIMOLONG DECLARATION

5.   The city's brief also claims that the Lazer declaration, which asserts that the city excluded the United Steelworkers from its project labor agreements "because the United Steelworkers believed that their organization could not comply with the diversity and inclusion goals of the City's PLAs,"[1] does *not* contain "new, previously unknown, information" concerning the city's reasons for denying contracts to Steelworker-affiliated contractors and tradesmen. *See* City's Br. (ECF No. 56) at 5.

6.   Each of these claims is untrue. Neither the plaintiffs nor plaintiffs' counsel knew or had any reason to believe that the city's longstanding exclusion of Steelworker-affiliated contractors and tradesmen from city construction projects was caused by the United Steelworkers' supposed inability to comply with the diversity-and-inclusion goals when the complaint was filed on April 18, 2019. And the plaintiffs could not have brought a 42 U.S.C. § 1981 or an equal-protection challenge to the city's diversity-and-inclusion goals at that time consistent with counsel's Rule 11 obligations. My pre-lawsuit correspondence with the city, as well as all correspondence that I am aware of between the city and the Steelworker-affiliated entities, confirms this.

7.   For nearly a decade, the United Steelworkers and Steelworker-affiliated contractors have been asking the city of Philadelphia to amend its project labor agreement to allow them to work on city construction projects. Inquiries and requests of this sort have been made repeatedly by letter and by e-mail. Each time, the city has rebuffed or simply ignored these overtures, without ever indicating that the exclusion of the United Steelworkers was caused by its purported inability to comply with the city's diversity-and-inclusion goals.

8.   The first request of which I am aware came from Crossing Construction Company, Inc., which wrote to city officials on March 31, 2011, and expressed interest in bidding on a city construction project subject to a PLA. An authentic copy of this letter is attached as

---

1.   Declaration of Richard Lazer ¶ 11 (attached as Exhibit B to the city's statement of material facts, ECF No. 48)

Exhibit A to this declaration (ECF No. 57-2).[2] Crossing Construction is a Steelworker-affiliated contractor, and it informed the city of its intent to bid on this project notwithstanding the PLA.

9.  On April 12, 2011, the city's law department wrote to Joseph M. Padavan, the president of United Steelworkers Local 15253, and explained that the city's PLA requires employees of city contractors to belong to a union affiliated with the Philadelphia Building and Construction Trades Council, and that Steelworker-affiliated contractors were therefore ineligible to work on city projects subject to a PLA:[3]

> [N]o other labor organizations except those affiliated with the Philadelphia Building and Construction Trades has been identified as capable or stepped forward to request inclusion in a City sponsored project labor agreement. The City is currently unaware of the involvement of United Steelworkers members in City public works projects. . . .
>
> Unfortunately, for Project #70013, the project schedule will not permit the City to accommodate your interest in changing the requirements of this bid.

Ex. B (ECF No. 57-3) at 1, 2. The city's letter of April 12, 2011, did leave open the possibility that the city might consider including the United Steelworkers in future project labor agreements, but it made no promises in that regard. *See id.* at 1 ("Now that we know of your interest, the City will contact your organization prior to initiating future City public works projects with project labor agreements to determine your capacity and willingness to agree to City terms."). The letter also mentioned the diversity-and-inclusion goals imposed on signatories to the city's PLA, and it emphasized that the United Steelworkers would be required to comply with those requirements if it were to become a signatory:

> Equally important to the City is that the signatory unions have agreed to very significant goals and processes to increase diversity among their members, and to support local employment and diversity among the public works

---

2.  We produced this letter to the city during discovery, and it is Bates-stamped Plaintiffs0975.
3.  An authentic copy of this letter is attached as Exhibit B to this declaration (ECF No. 57-3). We produced this letter to the city during discovery, and it is Bates-stamped Plaintiffs0973–0974.

contractors. . . . The terms of the current project labor agreement related to union diversity will be required.

*Id.* at 1–2.

10.  On April 27, 2011, Joseph M. Padavan, the president of United Steelworkers Local 15253, wrote back to the city's chief deputy city solicitor and made clear that his union was willing and able to comply with the city's diversity-and-inclusion goals:[4]

> We are in full agreement with all aspects of the PLA put in place by the City of Philadelphia and the Public Works Department. *The terms of the current project labor agreement related to union diversity create no problem for my union or any of our contractors*. We do not expect you to change any requirements of this bid except for the right of the United Steelworkers Union to be a part of this project, with the right to use our members and our Benefit Plans that cover our members.

Ex. C (ECF No. 57-4) at 1 (emphasis added). Mr. Padavan closed his letter with an appeal to include the Steelworkers in the city's project labor agreement:

> The United Steelworkers Union, Local 15253, has a state certified Apprenticeship Program and is very progressive in the recruitment of minority candidates. We have many members that live in the Philadelphia area. We agree that you must have cohesiveness in such complex, costly, and time sensitive projects. Our members deserve the right to be a part of this PLA project and all future PLA's authorized by the City of Philadelphia and any of its departments.

*Id.*

11.  To the best of my knowledge, the city did not respond to Mr. Padavan's letter of April 27, 2011.

12.  On August 13, 2013, Arnold Shep Cohen, an attorney representing United Steelworkers Local 15024, wrote to city officials and asked them to allow the United Steelworkers to become a signatory to the city's project labor agreement. An authentic copy of this letter is attached as Exhibit D to this declaration (ECF No. 57-5).[5] United Steelworkers

---

4.  An authentic copy of this letter is attached as Exhibit C to this declaration (ECF No. 57-4). We produced this letter to the city during discovery, and it is Bates-stamped Plaintiffs0972.

5.  We produced this letter to the city during discovery, and it is Bates-stamped Plaintiffs0970–0971.

Local 15024 has a collective-bargaining agreement with PKF-Mark III, Inc., one of my clients in this lawsuit.

13.  To the best of my knowledge, the city did not respond to Mr. Cohen's letter of August 13, 2011.

14.  On August 30, 2013, Ronald L. Tobia, yet another attorney representing United Steelworkers Local 15024, wrote to city officials and reiterated the request to allow the United Steelworkers to become a signatory to the city's project labor agreement. An authentic copy of this letter is attached as Exhibit E to this declaration (ECF No. 57-6).[6]

15.  To the best of my knowledge, the city did not respond to Mr. Tobia's letter of August 30, 2013.

16.  On September 12, 2018, John E. Shinn, the District 4 Director of the United Steelworkers, and Glenn Ely, the president of PKF-Mark III, co-wrote a letter to the city of Philadelphia's law department and asked it to allow the United Steelworkers to become a signatory to the project labor agreement. An authentic copy of this letter is attached as Exhibit F to this declaration (ECF No. 57-7).[7]

17.  In response to this letter and other correspondence, Deputy Mayor Richard Lazer wrote to me on November 26, 2018, and explained that the city would be "willing" to include the following language in its project labor agreements, which would allow the United Steelworkers and its affiliated contractors to obtain city work subject to the PLA:[8]

> In the event that a contractor bound by a Collective Bargaining Agreement (CBA) with the United Steelworkers (USW) is the successful bidder, the contractor will be permitted to utilize its USW workforce and its USW CBA provided that the contractor adheres to the conditions and economic terms

---

6.  We produced this letter to the city during discovery, and it is Bates-stamped Plaintiffs0969.
7.  We produced this letter to the city during discovery, and it is Bates-stamped Plaintiffs0982–0984.
8.  An authentic copy of this letter is attached as Exhibit G to this declaration (ECF No. 57-8). This letter also appears as Exhibit A to the city's brief (ECF No. 56-1).

of the agreement excluding any hiring hall obligation or union security pro-
vision. And provided further that the USW contractor is either a protected
contractor, under the terms of the Harmony Agreement of February 24,
1994 or has been organized by USW pursuant to paragraph 3 (b) of the
Harmony Agreement for at least 120 days prior to the issuance of any bid
specification for the Project and provided that it normally performs the type
of work being let in the geographical area of the project.

Ex. G (ECF No. 57-8) at 1. Mr. Lazer's letter also said that the city would "require" the

United Steelworkers to "agree to the conditions of Schedule C of the PLA," which contains

the city's diversity-and-inclusion requirements. *See id.* Mr. Lazer's letter closed by saying:

"We can begin including the new USW language in PLAs as soon as we have received the

required affirmation from the United Steelworkers." *Id.* at 2.

18.  On January 3, 2019, Nathan Kilbert, an assistant general counsel for the United

Steelworkers, wrote to Mr. Lazer in response to the letter that Mr. Lazer sent to me on

November 26, 2018. An authentic copy of this letter is attached as Exhibit H to this decla-

ration (ECF No. 57-9).[9] In this letter, Mr. Kilbert asked Mr. Lazer some questions about

what the diversity-and-inclusion requirements would require of the United Steelworkers:

> The USW has a few questions related to the obligations contained in Sched-
> ule C of the PLA. The USW desires to increase the representation of minor-
> ity men and women in construction occupations, and it would take seriously
> its obligations under Schedule C if it became a party to a City of Philadel-
> phia PLA. The USW desires to know what participation goals under Sched-
> ule C have been found to be appropriate, both for the project workforce and
> for apprenticeship programs, for other unions and on other projects. The
> USW also wishes to understand what types of outreach efforts to minority
> men and women are regarded as appropriate and what alternatives to ap-
> prenticeship recruitment it should consider evaluating. Would it be possible
> for your office to answer these questions or to provide example reports of
> compliant activities by other unions (redacted, if necessary)?
>
> Finally, the USW is concerned with the third party monitoring discussed in
> Schedule C. Could you indicate whether any current projects are subject to
> such monitoring, and how many projects have been subject to such moni-
> toring since 2008? What range of costs could be expected if third party mon-
> itoring is implemented on a specific project?

---

9.    This letter also appears as Exhibit B to the city's brief (ECF No. 56-2).

Ex. H (ECF No. 57-9) at 1. Mr. Kilbert never said or suggested in this letter that the United Steelworkers was unable or unwilling to comply with the city's diversity-and-inclusion goals. He said that the United Steelworkers "would take seriously its obligations under Schedule C" and merely asked for clarification on what those obligations would entail.

19.   To the best of my knowledge, Mr. Lazer never responded to Mr. Kilbert's letter of January 3, 2019. And to the best of my knowledge, neither Mr. Lazer nor any city official has ever answered the questions in Mr. Kilbert's letter of January 3, 2019.

20.   After Mr. Kilbert's letter of January 3, 2019, both Mr. Kilbert and I made repeated and unsuccessful efforts to follow up with Mr. Lazer about adding the United Steelworkers to the city's project labor agreement. Each of these efforts was met with silence (or near silence) from Mr. Lazer and city officials.

21.   On March 5, 2019, I e-mailed Mr. Lazer and wrote:[10]

Mr. Lazer:

You should recall that I represent PKF Mark III, a USW signatory contractor. Copied on this email is Nate Kilbert, assistant general counsel to the USW. Mr. Kilbert and I would like to arrange for a conference call with you to discuss finalizing the changes to the Philadelphia PLA that would include the USW.

Mr. Kilbert and I are available this Friday, March 8, 2019 and next Thursday, March 14, 2019. Please let us know if either of those dates work for you and we can circulate a conference call number.

Ex. I (ECF No. 57-10). I cc'd Mr. Kilbert on this e-mail.

22.   Mr. Lazer did not respond to this e-mail.

23.   On March 14, 2019, I e-mailed Mr. Lazer again and wrote:[11]

Mr. Lazer:

_____

10.   An authentic copy of this e-mail is attached as Exhibit I to this declaration (ECF No. 57-10).
11.   An authentic copy of this e-mail is attached as Exhibit J to this declaration (ECF No. 57-11).

We are following up on the below. Please let us know you[r] availability.

Ex. J (ECF No. 57-11).

24.   This time Mr. Lazer e-mailed us back and wrote:[12]

> Mr. Zimolong
>
> Let me follow up with my folks and will get back with you.
>
> Rich

Ex. K (ECF No. 57-12).

25.   Later that afternoon, I e-mailed Mr. Lazer again and wrote:

> Mr. Lazer:
>
> What did your folks say?

Ex. K (ECF No. 57-12).

26.   Mr. Lazer did not respond to this follow-up e-mail of March 14, 2019.

27.   On March 19, 2019, I e-mailed Mr. Lazer once again, this time cc'ing Mr. Kilbert and Albert Hoffman, the president of Road-Con. An authentic copy of this e-mail is attached as Exhibit L to this declaration (ECF No. 57-13). In that e-mail, I wrote:

> Mr. Lazer:
>
> I am reaching out again regarding the Philadelphia PLA and the USW. Road-Con, Inc. ("Road-Con") is a USW signatory contractor. I understand that Road-Con is interested in bidding on the above referenced project that is subject to the – unamended – PLA. Road-Con has inquired with Anthony Santaniello, Public Works Manager, about the impact of the PLA on USW signatory contractors. Mr. Santaniello said he would forward the inquiry to the Law Department.
>
> At the time of the discussion between Road-Con and Mr. Santaniello, Road-Con was unaware of the considerable progress we have made toward resolving the issues that currently prevent USW signatories from bidding on Philadelphia projects subject to the standard PLA. I can only assume based on Mr. Santaniello's reply that he was as well.

---

12.   An authentic copy of this e-mail exchange is attached as Exhibit K to this declaration (ECF No. 57-12).

From my perspective, we are at the 1 yard line in getting this issue resolved. I believe the final impediment towards resolution is squaring away some questions that counsel for the USW, Nate Kilbert (who is copied on this email), had. Since this bid is imminent, it['s] time for everyone to lean in here to get this situation resolved and avoid what would be needless litigation, especially since we all agree in princip[le] that the USW should be included in the PLA.

Therefore, can you please provide us with dates for a final phone call or in person meeting with you so that whatever questions the USW has can get resolved and USW contractors, like Road-Con, can move forwar[d] with bidding on Philadelphia projects and establishing a good working relationship with the City?

Ex. L (ECF No. 57-13).

28. Mr. Lazer did not respond to my e-mail of March 19, 2019.

29. On March 22, 2019, I e-mailed Mr. Lazer again. An authentic copy of this e-mail is attached as Exhibit M to this declaration (ECF No. 57-14). In that e-mail, I wrote:

Mr. Lazer:

I am following up on the below.

Ex. M (ECF No. 57-14).

30. Mr. Lazer did not respond to my follow-up e-mail of March 22, 2019.

31. On March 28, 2019, Samantha M. Hart, an employee of Road-Con, e-mailed city officials Anthony Santaniello and Theresa Pilla. An authentic copy of this e-mail exchange is attached as Exhibit N to this declaration (ECF No. 57-15).[13] Ms. Hart wrote:

Road Con, Inc is a signatory with the United Steel Workers (heavy and Highway construction). Can the United Steel Workers be added to the Project Labor Agreement?

Ex. N (ECF No. 57-15).

32. Mr. Pilla responded to Ms. Hart's e-mail and wrote:

---

13. We produced this e-mail exchange to the city during discovery, and it is Bates-stamped Plaintiffs0966–0966.

Regarding the project labor agreement, per our law department: The United Steelworkers are not one of the unions that are signatory to the Project Labor Agreement for this project. As stated in Article IV of the Project Labor Agreement, the "Unions" (defined as the Affiliates of the Philadelphia Building and Construction Trades Council), are the sole and exclusive bargaining representatives of all craft employees working on the Project within the scope of this Agreement. Also, the Union(s) are recognized as the source of employment referrals.

Ex. N (ECF No. 57-15).

33. Finally, on March 29, 2019, Nathan Kilbert wrote to Mr. Lazer. An authentic copy of that letter is attached as Exhibit O to this declaration (ECF No. 57-16). In that letter, Mr. Kilbert wrote:

Deputy Mayor Lazer,

I wrote to you on January 3 regarding the potential participation of the [United Steelworkers] in City of Philadelphia Project Labor Agreements and posing certain questions related to the obligations contained in Schedule C of the PLA. I have enclosed a copy of that letter. Unfortunately, despite several attempts at follow-up by me and by Wally Zimolong, attorney for USW-represented contractor PKF Mark Ill, we have received no substantive response.

In your November 26, 2018, letter to Mr. Zimolong, you expressed the City's willingness to modify the PLA language to permit USW-represented contractors to participate. My January 3 letter was an attempt to engage in good faith to facilitate USW agreement to the terms of the PLA.

This week, the City informed Road-Con, Inc., a USW-represented contractor, that affiliates of the Philadelphia Building and Construction Trades Council are the sole and exclusive bargaining representatives of all craft employees working on a projects within the scope of the PLA. A copy of this March 28 correspondence is attached.

Has the City's position regarding USW-represented contractors' participation in City PLAs changed? If not, please provide the information requested in my January 3 letter and refrain from awarding contracts based upon bidding processes that are arbitrarily excluding USW-represented contractors, including Runway 6-24 Pavement Rehabilitation at the Northeast Philadelphia Airport and the 15 111 Street Bridge Rehab.

Kindly advise as to the City's position as soon as possible.

Ex. O (ECF No. 57-16).

34. To the best of my knowledge, neither Mr. Lazer nor any city official has responded to Mr. Kilbert's letter of March 29, 2019.

35. Mr. Lazer's persistent and repeated refusals to acknowledge or respond to the letters and e-mails sent by Mr. Kilbert and me led me to conclude that the city was simply unwilling to include the United Steelworkers in its project labor agreements, despite Mr. Lazer's earlier representation that the city might be open to allowing the United Steelworkers to join the PLA. Mr. Kilbert and I sent no fewer than seven follow-up letters or e-mails to Mr. Lazer between January 3, 2019, and March 29, 2019. All of them were met with radio silence, except for the one e-mail on March 14, 2019, in which Mr. Lazer replied: "Let me follow up with my folks and will get back with you."[14] (He never did.)

36. I therefore concluded that it would be fruitless to continue our efforts to persuade the city to add the United Steelworkers to the city's project labor agreements, and decided to pursue litigation. On April 11, 2019, I wrote to city officials to inform them that we would sue the city over its exclusion of Steelworker-affiliated contractors from construction work subject to the PLA. An authentic copy of that letter is attached as Exhibit P to this declaration (ECF No. 57-17).[15] On April 18, 2019 — one week after I sent this letter to city officials — we filed our complaint.

37. At the time we filed our complaint, neither Mr. Lazer, nor any city official, had indicated or suggested to me (or, to the best of my knowledge, to anyone else) that the city was excluding United Steelworkers from its project labor agreements because the city disapproved of the union's racial composition or demographic makeup. Nor did Mr. Lazer or any city official state or insinuate to me (or, to the best of my knowledge, to anyone else) that the United Steelworkers was excluded because it was unable or unwilling to comply

---

14. *See* Ex. K (ECF No. 57-12).
15. We produced this letter to the city during discovery, and it is Bates-stamped Plaintiffs0977–0978.

with the city's diversity-and-inclusion goals. Mr. Lazer did inform me that the United Steel-workers would be required to comply with the diversity-and-inclusion goals if it ever became a signatory to the PLA. *See* Ex. G (ECF No. 57-8) at 1. But no one from the city ever faulted the United Steelworkers for being insufficiently diverse, nor did anyone from the city claim that the diversity-and-inclusion goals had anything to do with the city's decade-long refusal to include the United Steelworkers in its project labor agreements.

38. To the best of my knowledge, the United Steelworkers has never told Mr. Lazer or any city official that it is unable or unwilling to comply with the city's diversity-and-inclusion goals. On the contrary, Mr. Padavan's letter of April 27, 2011, says that the United Steelworkers Local 15253 is "in full agreement with all aspects of the PLA" and that "[t]he terms of the current project labor agreement related to union diversity create no problem for my union or any of our contractors." Ex. C (ECF No. 57-4) at 1. In addition, Mr. Kil-bert's letter of January 3, 2019, says that the United Steelworkers "desires to increase the representation of minority men and women in construction occupations, and it would take seriously its obligations under Schedule C if it became a party to a City of Philadelphia PLA." Ex. H (ECF No. 57-9) at 1. Mr. Kilbert's letter of January 3, 2019, merely asked questions to clarify what the union's obligations under the diversity-and-inclusion goals would entail. *See id.* But this letter *never* suggests that the United Steelworkers are unable or unwilling to comply with the diversity-and-inclusion goals, and it never suggests that the diversity-and-inclusion goals present an obstacle to the United Steelworkers' participation in the PLA.

39. For these reasons, my co-counsel and I did not believe that the diversity-and-inclusion goals had anything to do with the city's decade-long refusal to allow the United Steelworkers into its project labor agreements when we filed our lawsuit on April 18, 2019. The United Steelworkers, as far as I am aware, is and always has been capable of comply-ing with the city's diversity-and-inclusion goals. Yet the city has for nearly ten years re-fused to allow the United Steelworkers to join the project labor agreement as a signatory,

and it has consistently rebuffed or ignored pleas from the United Steelworkers, it lawyers, and its affiliated contractors to reconsider its stance. The evidence that we had on April 18, 2019, indicated that the city simply did not want the United Steelworkers to be included in its project labor agreement, regardless of the diversity-and-inclusion goals, and that the city was unwilling to expand the participating unions beyond the affiliates of the Philadelphia Building and Constructions Trade Council.

40. Finally, the city's brief incorrectly states that I served as "counsel for the United Steelworkers" during its negotiations with the city. City's Br. (ECF No. 56) at 4. I have never served as counsel for the United Steelworkers, and I have never represented them in any capacity. I have an attorney-client relationship with certain contractors who employ members of the United Steelworkers, but I have never had an attorney-client relationship with the union itself.

This concludes my sworn statement. I declare under penalty of perjury that the foregoing is true and correct.

WALTER S. ZIMOLONG

# Exhibit A

CROSSING CONSTRUCTION COMPANY, INC.
P.O. BOX 88
WASHINGTON CROSSING, PA 18977

(215) 493-0205
FAX: (215) 493-0536

March 31, 2011

*Via Telecopy: 215-685-4915*
Howard Neukrug, Water Commissioner
Philadelphia Water Department
ARAMark Tower – 5th Floor
1101 Market Street
Philadelphia, PA 19107-2994

*Via Telecopy: 215-685-6211*
Robert Britt, Chief of Construction
Philadelphia Water Department
1101 Market Street, 2nd Floor
Philadelphia, PA 19107

> RE: Manayunk Sewer Basin and Venice Island Recreation Center Construction; Project Nos. 70013 (GC), 70014 (Elec.), 70015 (Plumbing), 70016 (HVAC); Bid Nos. 2874, 2875, 2876 and 2877

Gentlemen:

Crossing Construction Co., Inc. intends to bid on Project No. 70013(GC)/bid no. 2874(GC) as referenced above.

We have received Addendum No. 2 dated March 29, 2011 indicating that the Invitation to Bid is to be covered by and subject to the terms of a Project Labor Agreement (PLA). The proposed Project Labor Agreement was attached to the Addendum.

We are investigating the inclusion of the PLA for these projects, and in that regard, would appreciate you making available a complete copy of any report, study, investigation or analysis prepared by or for the Water Department or the City of Philadelphia concerning the use of a PLA on this project, and/or that recommends or justifies use of a PLA on this project.

The above information is important and we would appreciate receiving this information promptly given the upcoming bid date. If the Water Department will not make this information available for any reason, please notify us immediately. We will be attending the scheduled meeting regarding this matter on Friday, April 1st and would appreciate it if those studies could be picked up at that time.

Thank you in advance for your help in this matter

Very truly yours,
CROSSING CONSTRUCTION COMPANY, INC.

David J. Shaw
Vice President

Plaintffs0975

# Exhibit B



CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

*Shelley R. Smith*
*City Solicitor*

*(215) 683-5186(t)*
*(215) 683-5175(f)*

April 12, 2011

Joseph M. Padavan
President Local 15253
United Steelworkers
20 East Union Street
Wilkes Barre, PA 18701

Dear Mr. Padavan,

Thank you for your inquiry regarding the City's Project Labor Agreement. Since 1995, the City, acting on its own or through authorities or private parties, has entered into several project labor agreements. What was established over 15 years ago as a pilot program under executive order 5-95 has since been accepted a part of the City's public works tool kit. The City's experience is that project labor agreements can be helpful in complex, costly and time sensitive projects. During the last 15 years, no other labor organizations except those affiliated with the Philadelphia Building and Construction Trades has been identified as capable or stepped forward to request inclusion in a City sponsored project labor agreement. The City is currently unaware of the involvement of United Steelworkers members in City public works projects.

The project labor agreement is an important part of Project #70013, in that it will guarantee that there will be no labor-related delays in this time-sensitive work. Equally important to the City is that the signatory unions have agreed to very significant goals and processes to increase diversity among their members, and to support local employment and diversity among the public works contractors. These terms will help form the basis of the evaluation of this and any future project labor agreements.

Now that we know of your interest, the City will contact your organization prior to initiating future City public works projects with project labor agreements to determine your capacity and willingness to agree to City terms. The terms of the current project

Plaintffs0973

labor agreement related to union diversity will be required. Unfortunately, for Project #70013, the project schedule will not permit the City to accommodate your interest in changing the requirements of this bid.

Very truly yours,

J. BARRY DAVIS
Chief Deputy City Solicitor

Cc:    Brian Mohl, Water Department

# Exhibit C



**Joseph M. Padavan**
*President*
Cell: 570-498-9816
email: pads1700@aol.com
**Michael I. Saporito**
*Vice President*

# UNITED STEELWORKERS

**UNITY AND STRENGTH FOR WORKERS**
District Ten — Local Union 15253
20 E. Union St., Rear 1st Floor, Suite 120, Wilkes-Barre, PA 18701
Office: 570-829-6924 • Fax: 570-829-6927

**Thomas Swan**
*Treasurer*
**Daniel Tetlak**
*Financial Secretary*
**John Kelly**
*Recording Secretary*

April 27, 2011

J. Barry Davis
Chief Deputy City Solicitor
City of Philadelphia-Law Department
One Parkway
1515 Arch Street
Philadelphia, PA    19102

> Re: Manayunk Sewer Basin and Venice Island Recreation
> Center Construction; Project Nos. 70013 (GC), 70014(Elec), 70015 (Plumbing), 70016
> (HVAC); Bid Nos. 2874, 2875, 2876, and 2877

Dear Mr. Davis,

Thank you for your response to my letter regarding Project #70013. We are in full agreement with all aspects of the PLA put in place by the City of Philadelphia and the Public Works Department. The terms of the current project labor agreement related to union diversity create no problem for my union or any of our contractors. We do not expect you to change any requirements of this bid except for the right of the United Steelworkers Union to be a part of this project, with the right to use our members and our Benefit Plans that cover our members.

We have one contractor interested in bidding this project: Crossing Construction, who has attended the bid meetings and is very interested in bidding on Project # 70013. Crossing Construction has done many projects in the City over the last 30 years including the: Northeast Water Pollution Control Plant, Contract Amount $16,089,077.00, completed in 1986. Southwest Water Sewer Treatment Plant, Contract Amount $ 1,984,415.00, completed in 1998. They have also completed numerous projects going back many years within the City of Philadelphia for SEPTA, DRPA, and state agencies, including PA.DOT and DGS. We have other Steelworker Contractors who have done major projects in the City of Philadelphia including, Loftus Construction, Neshaminy Constructors, and Road Con Construction.

The United Steelworkers Union, Local 15253, has a state certified Apprenticeship Program and is very progressive in the recruitment of minority candidates. We have many members that live in the Philadelphia area. We agree that you must have cohesiveness in such complex, costly, and time sensitive projects. Our members deserve the right to be a part of this PLA project and all future PLA'S authorized by the City of Philadelphia and any of its departments.

IN SOLIDARITY,

*Joseph M. Padavan*

Joseph M. Padavan
President-USW Local 15253

Plaintffs0972

# Exhibit D

LAW OFFICES

# OXFELD COHEN, P.C.

### 60 PARK PLACE, SUITE 600
### NEWARK, NEW JERSEY 07102

SANFORD R. OXFELD **
ARNOLD SHEP COHEN **
NANCY I. OXFELD *
GAIL OXFELD KANEF **

*BENJAMIN A. SPIVACK (1950-2012)*

TEL (973) 642-0161
FAX (973) 802-1055
OXFELDCOHEN.COM

1881 BROADWAY
4TH FLOOR
NEW YORK, NEW YORK 10023
(212) 452-1215

RANDI DONER APRIL *
WILLIAM P. HANNAN **
WILLIAM J. VOLONTE **
SAMUEL B. WENOCUR **

* MEMBER OF NJ BAR
** MEMBER OF NJ & NY BAR

PLEASE REPLY TO NEWARK

August 13, 2013

VIA OVERNIGHT MAIL (UPS)
Howard Neukrug, Water Commissioner
Philadelphia Water Department
ARA Mark Tower - 5th Floor
1101 Market Street
Philadelphia, PA 19101-2994

Scott Schwarz, General Counsel
Philadelphia Water Department
ARA Mark Tower - 5th Floor
1101 Market Street
Philadelphia, PA 19101-2994

RE: City of Philadelphia Public Project Labor Agreement
for New Secondary Treatment Bypass Conduit at NEWPCP

Gentlemen:

I represent the United Steelworkers, Local 15024. Local 15024
has a Collective Bargaining Agreement with PKF Mark III, Inc.,
and other construction contractors. It was inadvertently
omitted from the Philadelphia Public Project Labor Agreement.

We recently learned that the United Steelworkers, Local 15024 is
not included as a signatory party on the City of Philadelphia
Public Project Labor Agreement for the New Secondary Treatment
Bypass Conduit at NEWPCP. This letter is to request its
inclusion on this project.

It has been determined from previous legal precedent that the
United Steelworkers is entitled to be part of any Project Labor

Plaintffs0970

Agreement in the areas where it represents members. This is because it is a member of the AFL-CIO, and represents workers at employers in the geographic region covered by the instant Public Project Labor Agreement. If you desire citations to the appropriate legal decisions, I can provide them to you.

It is respectfully requested that the City of Philadelphia consider the inclusion of the United Steelworkers as a signatory party and that all bidders be so notified. We can only assume that the exclusion of Local 15024 from the Public Project Labor Agreement was an inadvertent oversight.

Thank you for your attention to the above.

Very truly yours,

ARNOLD SHEP COHEN

ASC/elj
Cc: Ronald L. Tobia, Esq.
    Adam Britt, President, Local 15024
    John Shinn, District Director
    Tom Isenberg, Director of Compliance and Contract Controls,
    PKF-Mark III, Inc.

Plaintffs0971

# Exhibit E

LAW OFFICES

RONALD L. TOBIA ●▲
JILL TOBIA SORGER ●▲■
MICHAEL DEMARCO ●

**TOBIA & SORGER ESQS., LLC**
A LIMITED LIABILITY CORPORATION OF LAWYERS

500 SUPOR BOULEVARD
HARRISON, NEW JERSEY 07029

1-973-746-6000
Fax: 1-973-509-1578

EMAIL: RTOBIA@TOBIASORGER.COM
EMAIL: JSORGER@TOBIASORGER.COM
EMAIL: MDEMARCO@TOBIASORGER.COM

BAR AFFILIATIONS

NJ BAR ●
FLA BAR ▲
NY BAR ■

TRENTON OFFICE
172 W. STATE STREET
P.O. BOX 2041
TRENTON, NJ 08607
609-393-1442
609-393-1990 FAX

FLORIDA OFFICE
4302 HOLLYWOOD BOULEVARD
SUITE 171
HOLLYWOOD, FL 33021
973-746-6000

*Reply to: Harrison, NJ Office*

August 30, 2013

**VIA UPS OVERNIGHT**

Howard Neukrug, Water Commissioner
Philadelphia Water Department
ARA Mark Tower- 5th Floor
1101 Market Street
Philadelphia, PA 19101-2994

Scott Schwarz, General Counsel
Philadelphia Water Department
ARA Mark Tower- 5th Floor
1101 Market Street
Philadelphia, PA 19101-2994

Re:    **City of Philadelphia Public Project Labor Agreement for New Secondary Treatment Bypass Conduit at NEWPCP**

Gentlemen:

I represent the Multiskilled Contractors Association ("Multiskilled"). The United Steelworkers, Local 15024 ("Steelworkers") has a Collective Bargaining Agreement with Multiskilled. I believe that the Steelworkers were inadvertently omitted from the Philadelphia Public Project Labor Agreement.

We recently learned that the Steelworkers are not included as a signatory party on the City of Philadelphia Public Project Labor Agreement for the New Secondary Treatment Bypass Conduit at NEWPCP. This letter is to request its inclusion on this project.

It has been determined from previous legal precedent that the Steelworkers are entitled to be part of any Project Labor Agreement in the areas where it represents members. This is because it is a member of the AFL-CIO, and represents workers at employers in the geographic region covered by the instant Public Project Labor Agreement . If you desire appropriate legal decisions, I can provide them to you.

It is respectfully requested that the City of Philadelphia consider the inclusion of the Steelworkers as a signatory party and that all bidders be so notified. We can only assume that the exclusion of the Steelworkers from the Public Project Labor Agreement was an inadvertent oversight.

Thank you for your attention to this matter.

Very truly yours,

TOBIA & SORGER ESQS., LLC

*Ronald L. Tobia*

RONALD L. TOBIA, ESQ.

RLT:cf
cc:    Multiskilled Contractors Association

Plaintffs0969

# Exhibit F



**UNITED STEELWORKERS**

**UNITY AND STRENGTH FOR WORKERS**

**District 4**

**John E. Shinn**
District Director
**Del Vitale**
Assistant to the Director

September 12, 2018

**Via Hand Delivery**

Marcel S. Pratt, Esquire
City of Philadelphia – Law Department
17th Floor
1515 Arch Street
Philadelphia, PA 19102-1595

**Re: Philadelphia Project Labor Agreement**

Dear Mr. Pratt:

On behalf of the United Steelworkers International Union ("USW") and PKF-Mark III ("PKF"), we write concerning the City of Philadelphia's ("City") standard project labor agreement ("PLA") and to request that the City (a) amend the PLA and (b) stay the award of the contracts for any projects utilizing the PLA until those amendments are made.

As you know, the PLA is between the City and the Philadelphia Building and Construction Trades Council (the "Building Trades"). Under the PLA, among other things, a contractor performing work under the PLA:

a. agrees to recognize the unions affiliated with the Building Trades (the "Unions") "as the sole and exclusive bargaining representative of all craft employees working on the Project." (*See* PLA Article IV, Section 1.)

b. all employees must be hired through the Union's hiring halls. (*See* PLA Article IV, Sections 2 and 3.); and

c. all employees shall become members of the Unions within eight (8) days of being hired. (*See* PLA Article IV, Section 5.)

The PLA also incorporates the Unions' collective bargaining agreements. (*See* Article III, Section 4(b) and Schedule A).

PKF is a union contractor interested in bidding on Philadelphia projects subject to the PLA. However, PKF maintains a collective bargaining agreement ("CBA") with

United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union

305 Cayuga Rd. – Suite 175 – Cheektowaga, NY 14225 • 716-565-1720 • 716-565-1727 (Fax) • www.usw.org

Plaintffs0982

the USW. Accordingly, its craft employees are members of the USW, are represented by the USW, and the USW is their exclusive bargaining representative. All work that PKF performs must be performed under the terms of its CBA with the USW. However, the USW is not a party to the PLA because it is not a member of or affiliated with the Building Trades.

Under the National Labor Relations Act, 29 U.S.C. 158, et. seq. (the "NLRA") employees have the right to form or be represented by a union. Under the NLRA, if a union is properly designated as the employees' representative, an employer must deal exclusively with the union. Therefore, the Philadelphia PLA is in conflict with federal labor law because a USW member cannot work on the Project and be represented by the union of his or her choice. Furthermore, if PKF performed work on the Project it would be forced to ignore the USW as the bargaining agent of its employees, which would also place it in violation of its agreement with the USW, the NLRA, and other federal laws. Indeed, if PKF violated its agreement with the USW it would face unfair labor practice charges and potentially significant financial liability to the USW.

Furthermore, the PLA is barred under a labor harmony agreement dated February 24, 1994 between the USW and the Building and Construction Trades Department ("BCTD") of the AFL-CIO (the "Labor Harmony Agreement"). Article 5(c) of the Labor Harmony Agreement states "[i]t is understood, however, that the BCTD will not seek, in Pennsylvania, West Virginia, or Kentucky, governmental action requiring that public work be awarded exclusively to BCTD-represented contractors." Here, the PLA is just that, a government action requiring that work be exclusively performed by BCTD represented contractors.

Recently, the issue of exclusion of USW members from bidding on a public works project under a project labor agreement was litigated in Commonwealth Court in *J.D. Eckman, Inc., et. al. v. Commonwealth of Pennsylvania, Dept. of Transportation, et. al.* No. 349 MD 2017. That case involved a project labor agreement between PennDOT and the Building Trades that, like here, initially excluded USW signatory contractors (the "PennDOT PLA"). Because of that litigation, the Building Trades and PennDOT amended the PennDOT PLA to include the USW. Because of that litigation, the PLA now states that if a contractor, like PKF, has a CBA with the USW, then the contractor can utilize its USW-CBA and that the union hiring hall provisions of the PLA did not apply to it. I am enclosing a copy of the letter from Joseph T. Cleary, Esquire, counsel to the Building Trades, to Jason Sharp, Esquire, Chief Counsel to PennDOT that confirms the USW inclusion in the PennDOT PLA.

We believe that a similar amendment to the PLA should be made. In addition to bringing the PLA in compliance with federal law, allowing USW members to perform work on City projects is consistent with the public policy stated in the PLA. USW are trained union craft persons who earn a union rate wages and benefits. USW members' wages, benefits, working conditions, training, and safety records are on par with those of the Unions. In fact, PKF and other USW signatory contractors have a long and

successful history of utilizing USW members to complete public works projects throughout the Commonwealth, including local projects for SEPTA. Also, along with amending the language of the PLA, the USW CBA would need to be attached to PLA with the CBA's from the Building Trades members.

Also, amending the PLA would avoid the need to resort to litigation to enforce the USW's and PKF's rights under the NLRA and the Labor Harmony Agreement. Of course, we do not desire litigation especially where an amicable resolution can and should be reached. However, if litigation is brought, in addition to the claims outlined above, we will seek to challenge the PLA on additional grounds, including:

    a. the PLA being void under Section 8-200(1) because only City Council, not the Mayor, can amend the City's procurement procedures;

    b. the PLA being void under City's Procurement Code which mandates the award of contracts to the lowest responsible bidder only;

    c. the PLA being void because it was not properly promulgated under Executive Order 08-15 because the Philadelphia Water Department never made specific findings that the Project was appropriate for a PLA (*See* Executive Order Section 4) and the Law Department never reviewed and approved the use of the PLA (*See* Executive Order Section 1(d)).

If any of these challenges are successful, we understand that the court may void the PLA in its entirety.

Please confirm in writing that the City is ceasing use of the PLA until the appropriate amendments to the PLA can be made. We look forward to discussing the appropriate changes to the PLA with you.

John Shinn
USW Director, District 4

Glenn Ely
President, PKF-Mark III

# Exhibit G

Mayor's Office of Labor

**RICHARD LAZER**
**Deputy Mayor for Labor**
205 City Hall
Philadelphia, PA  19107
(215) 686-2163

# CITY OF PHILADELPHIA
## JAMES F. KENNEY, Mayor

November 26, 2018

Wally Zimolong, Esquire
353 West Lancaster Avenue, Suite 300 |
Wayne, PA  19087
Mailing Address:  P.O. Box 552, Villanova, PA  19085-0552
wally@zimolonglaw.com

Dear Mr. Zimolong,

The City has given your correspondence a thorough review.  Our conclusion is that the City is willing to include in City Project Labor Agreements (PLAs) the language that had previously been used in a PennDOT PLA.  That language is:

In the event that a contractor bound by a Collective Bargaining Agreement (CBA) with the United Steelworkers (USW) is the successful bidder, the contractor will be permitted to utilize its WSW workforce and its USW CBA provided that the contractor adheres to the conditions and economic terms of the agreement excluding any hiring hall obligation or union security provision. And provided further that the USW contractor is either a protected contractor, under the terms of the Harmony Agreement of February 24, 1994 or has been organized by USW pursuant to paragraph 3 (b) of the Harmony Agreement for at least 120 days prior to the issuance of any bid specification for the Project and provided that it normally performs the type of work being let in the geographical area of the project.

The City is not considering other changes to its standard PLA.

In addition to the USW contractor agreeing to City bid requirements, including City Economic Opportunity Plans and other City workforce and subcontracting provisions, the City requires that the United Steelworkers agree to the conditions of Schedule C of the PLA.  The City will require a letter from the appropriate leadership of the United Steelworkers affirming its agreement with the Union obligations in Schedule C.

Specifically, the Union obligations are as follows:

Section 2. Union Activities.

(a)    The Union(s) shall collect demographic data on participation in the Public Works Project. The Union(s) shall provide that information to the City on monthly basis while the Project Labor Agreement is in effect.

(b)    The Union(s) shall set participation goals that will significantly increase participation of minority males and women. Such goals shall be consistent with the Commission Report and such Commission updates as may be issued.

(c)    The Union(s) shall establish goals for participation of in apprenticeship programs for minority males and women. Such goals shall be consistent with the Commission Report and such Commission updates as may be issued.

(d)    The Union(s) shall actively recruit minority males and women for apprenticeship positions. Outreach efforts must be appropriate for reaching minority males and women and consistent with the goals the Union(s) have established for membership of the Union(s).

(e)    The Union(s) shall evaluate alternatives to apprenticeship recruitment for adding minority males and women to membership.

(f)    The Union(s) shall each identify a representative who shall be responsible for reporting on each Union's progress in improving opportunities for minority males and women.

I have attached a draft PLA including the USW inclusion language.  It is found in Article I Section 8 (page 4).   I have also included for your convenience a separate copy of Schedule C which may be attached and referred to in the letter to the City from the United Steelworkers.

I believe the approach described above addresses the concerns you have raised about the City's PLA.  We can begin including the new USW language in PLAs as soon as we have received the required affirmation from the United Steelworkers.

Sincerely,

Richard Lazer
Deputy Mayor for Labor

# Exhibit H



# UNITED STEELWORKERS

**UNITY AND STRENGTH FOR WORKERS**

Writer's Direct Dial: (412) 562 2548
Writer's E-mail: nkilbert@usw.org
Writer's Direct Fax: (412) 562-2429

January 3, 2019

*Via first-class mail and email to Rich.Lazer@phila.gov*

Richard Lazer
Deputy Mayor for Labor
205 City Hall
Philadelphia, PA 19107

Deputy Mayor Lazer,

The United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC ("USW") is interested in becoming a party to City of Philadelphia Project Labor Agreements. I have reviewed your November 26, 2018, letter to Wally Zimolong regarding a revised PLA that would permit USW-represented contractors to utilize their workforces and their collective bargaining agreements with the USW on City projects.

The USW has a few questions related to the obligations contained in Schedule C of the PLA. The USW desires to increase the representation of minority men and women in construction occupations, and it would take seriously its obligations under Schedule C if it became a party to a City of Philadelphia PLA. The USW desires to know what participation goals under Schedule C have been found to be appropriate, both for the project workforce and for apprenticeship programs, for other unions and on other projects. The USW also wishes to understand what types of outreach efforts to minority men and women are regarded as appropriate and what alternatives to apprenticeship recruitment it should consider evaluating. Would it be possible for your office to answer these questions or to provide example reports of compliant activities by other unions (redacted, if necessary)?

Finally, the USW is concerned with the third party monitoring discussed in Schedule C. Could you indicate whether any current projects are subject to such monitoring, and how many projects have been subject to such monitoring since 2008? What range of costs could be expected if third party monitoring is implemented on a specific project?

Thank you for your efforts at facilitating USW participation in City of Philadelphia projects. We appreciate any information you could provide.

Sincerely yours,

Nathan Kilbert
Assistant General Counsel

United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union

60 Boulevard of the Allies, Pittsburgh, PA 15222 • 412-562-2400 • www.usw.org

Plaintffso976

# Exhibit I

From: **Wally Zimolong** wally@zimolonglaw.com 📎
Subject: Project Labor Agreement - USW
Date: March 5, 2019 at 1:34 PM
To: Rich Lazer Rich.Lazer@Phila.Gov
Cc: Kilbert, Nathan nkilbert@usw.org, 5c16ae101@maildrop.clio.com



Mr. Lazar:

You should recall that I represent PKF Mark III, a USW signatory contractor. Copied on this email is Nate Kilbert, assistant general counsel to the USW.  Mr. Kilbert and I would like to arrange for a conference call with you to discuss finalizing the changes to the Philadelphia PLA that would include the USW.

Mr. Kilbert and I are available this Friday, March 8, 2019 and next Thursday, March 14, 2019.  Please let us know if either of those dates work for you and we can circulate a conference call number.

Wally Zimolong, Esquire
**Main Office**
353 West Lancaster Avenue, Suite 300 | Wayne, PA | 19087
**Mailing Address**
P.O. Box 552 | Villanova, PA | 19085-0552
V: 215.665.0842| M: 609.932.8836| E: wally@zimolonglaw.com |
**www.zimolonglaw.com**
**www.supplementalconditions.com**



**Construction Lawyers Society
of America**™
F E L L O W

# Exhibit J

From: **Wally Zimolong** wally@zimolonglaw.com  📎
Subject: RE: Project Labor Agreement - USW
Date: March 14, 2019 at 2:33 AM
To: Rich Lazer Rich.Lazer@Phila.Gov
Cc: Kilbert, Nathan nkilbert@usw.org, 5c16ae101@maildrop.clio.com, 5c16ae101@maildrop.clio.com



Mr. Lazer:

We are following up on the below.  Please let us know you availability.

Wally Zimolong, Esquire
**Main Office**
353 West Lancaster Avenue, Suite 300 | Wayne, PA | 19087
**Mailing Address**
P.O. Box 552 | Villanova, PA | 19085-0552
V: 215.665.0842| M: 609.932.8836| E: wally@zimolonglaw.com |
**www.zimolonglaw.com**
**www.supplementalconditions.com**



**Construction Lawyers Society**
**of America™**
**F E L L O W**

---

**From:** Wally Zimolong
**Sent:** Tuesday, March 5, 2019 4:34 PM
**To:** 'Rich Lazer' <Rich.Lazer@Phila.Gov>
**Cc:** 'Kilbert, Nathan' <nkilbert@usw.org>; '5c16ae101@maildrop.clio.com'
<5c16ae101@maildrop.clio.com>
**Subject:** Project Labor Agreement - USW

Mr. Lazar:

You should recall that I represent PKF Mark III, a USW signatory contractor.
Copied on this email is Nate Kilbert, assistant general counsel to the USW.  Mr.
Kilbert and I would like to arrange for a conference call with you to discuss
finalizing the changes to the Philadelphia PLA that would include the USW.

Mr. Kilbert and I are available this Friday, March 8, 2019 and next Thursday, March
14, 2019.  Please let us know if either of those dates work for you and we can
circulate a conference call number.

Wally Zimolong, Esquire
**Main Office**

Main Office
353 West Lancaster Avenue, Suite 300 | Wayne, PA | 19087
**Mailing Address**
P.O. Box 552 | Villanova, PA | 19085-0552
V: 215.665.0842| M: 609.932.8836| E: wally@zimolonglaw.com |
**www.zimolonglaw.com**
**www.supplementalconditions.com**



# Exhibit K

From: **Wally Zimolong** wally@zimolonglaw.com 📎
Subject: Re: Project Labor Agreement - USW
Date: March 14, 2019 at 3:39 PM
To: Rich Lazer rich.lazer@phila.gov
Cc: Kilbert, Nathan nkilbert@usw.org, 5c16ae101@maildrop.clio.com, 5c16ae101@maildrop.clio.com



Mr. Lazer:

What did your folks say?

Wally Zimolong, Esquire
Main Office
353 West Lancaster Avenue, Suite 300 | Wayne, PA | 19087
Mailing Address
P.O. Box 552 | Villanova, PA | 19085-0552
V: 215.665.0842| M: 609.932.8836| F: 215.689.3404 | E: wally@zimolonglaw.com |
www.zimolonglaw.com
www.supplementalconditions.com
www.constructionlaborlaw.com

---

**From:** Rich Lazer <rich.lazer@phila.gov>
**Sent:** Thursday, March 14, 2019 6:18 AM
**To:** Wally Zimolong
**Cc:** Kilbert, Nathan; 5c16ae101@maildrop.clio.com; 5c16ae101@maildrop.clio.com
**Subject:** Re: Project Labor Agreement - USW

Mr. Zimolong

Let me follow up with my folks and will get back with you.

Rich

Get Outlook for iOS

---

**From:** Wally Zimolong <wally@zimolonglaw.com>
**Sent:** Thursday, March 14, 2019 5:33 AM
**To:** Rich Lazer
**Cc:** Kilbert, Nathan; 5c16ae101@maildrop.clio.com; 5c16ae101@maildrop.clio.com
**Subject:** RE: Project Labor Agreement - USW

Mr. Lazer:

We are following up on the below. Please let us know you availability.

Wally Zimolong, Esquire
**Main Office**
353 West Lancaster Avenue, Suite 300 | Wayne, PA | 19087
**Mailing Address**
P.O. Box 552 | Villanova, PA | 19085-0552
V: 215.665.0842| M: 609.932.8836| E: wally@zimolonglaw.com |
**www.zimolonglaw.com**
**www.supplementalconditions.com**



**Construction Lawyers Society
of America™**

F E L L O W

---

**From:** Wally Zimolong
**Sent:** Tuesday, March 5, 2019 4:34 PM
**To:** 'Rich Lazer' <Rich.Lazer@Phila.Gov>
**Cc:** 'Kilbert, Nathan' <nkilbert@usw.org>; '5c16ae101@maildrop.clio.com'
<5c16ae101@maildrop.clio.com>
**Subject:** Project Labor Agreement - USW

Mr. Lazar:

You should recall that I represent PKF Mark III, a USW signatory contractor.
Copied on this email is Nate Kilbert, assistant general counsel to the USW.  Mr.
Kilbert and I would like to arrange for a conference call with you to discuss
finalizing the changes to the Philadelphia PLA that would include the USW.

Mr. Kilbert and I are available this Friday, March 8, 2019 and next Thursday, March
14, 2019.  Please let us know if either of those dates work for you and we can
circulate a conference call number.

Wally Zimolong, Esquire
**Main Office**
353 West Lancaster Avenue, Suite 300 | Wayne, PA | 19087
**Mailing Address**
P.O. Box 552 | Villanova, PA | 19085-0552
V: 215.665.0842| M: 609.932.8836| E: wally@zimolonglaw.com |
**www.zimolonglaw.com**
**www.supplementalconditions.com**



**Construction Lawyers Society
of America**™
F E L L O W

# Exhibit L

From: **Wally Zimolong** wally@zimolonglaw.com  📎
Subject: Philadelphia PLA - USW - 15TH Street Bridge over City Branch Railroad Cut
Date: March 19, 2019 at 12:56 PM
To: Rich Lazer Rich.Lazer@Phila.Gov
Cc: Albert Hoffman ahoffman@road-con.com, Kilbert, Nathan nkilbert@usw.org, 5c16ae101@maildrop.clio.com



Mr. Lazer:

I am reaching out again regarding the Philadelphia PLA and the USW. Road-Con, Inc. ("Road-Con") is a USW signatory contractor. I understand that Road-Con is interested in bidding on the above referenced project that is subject to the – unamended – PLA. Road-Con has inquired with Anthony Santaniello, Public Works Manager, about the impact of the PLA on USW signatory contractors. Mr. Santaniello said he would forward the inquiry to the Law Department.

At the time of the discussion between Road-Con and Mr. Santaniello, Road-Con was unaware of the considerable progress we have made toward resolving the issues that currently prevent USW signatories from bidding on Philadelphia projects subject to the standard PLA. I can only assume based on Mr. Santaniello's reply that he was as well.

From my perspective, we are at the 1 yard line in getting this issue resolved. I believe the final impediment towards resolution is squaring away some questions that counsel for the USW, Nate Kilbert (who is copied on this email), had. Since this bid is imminent, its time for everyone to lean in here to get this situation resolved and avoid what would be needless litigation, especially since we all agree in principal that the USW should be included in the PLA.

Therefore, can you please provide us with dates for a final phone call or in person meeting with you so that whatever questions the USW has can get resolved and USW contractors, like Road-Con, can move forwarded with bidding on Philadelphia projects and establishing a good working relationship with the City?


Wally Zimolong, Esquire
**Main Office**
353 West Lancaster Avenue, Suite 300 | Wayne, PA | 19087
**Mailing Address**
P.O. Box 552 | Villanova, PA | 19085-0552
V: 215.665.0842| M: 609.932.8836| E: wally@zimolonglaw.com |
**www.zimolonglaw.com**
**www.supplementalconditions.com**



Construction Lawyers Society

Construction Lawyers Society
of America™
F  E  L  L  O  W

# Exhibit M

**From:** **Wally Zimolong** wally@zimolonglaw.com 🖉
**Subject:** RE: Philadelphia PLA - USW - 15TH Street Bridge over City Branch Railroad Cut
**Date:** March 22, 2019 at 11:40 AM
**To:** Rich Lazer Rich.Lazer@Phila.Gov
**Cc:** Albert Hoffman ahoffman@road-con.com, Kilbert, Nathan nkilbert@usw.org, 5c16ae101@maildrop.clio.com,
5c16ae101@maildrop.clio.com



Mr. Lazer:

I am following up on the below.

Wally Zimolong, Esquire
**Main Office**
353 West Lancaster Avenue, Suite 300 | Wayne, PA | 19087
**Mailing Address**
P.O. Box 552 | Villanova, PA | 19085-0552
V: 215.665.0842| M: 609.932.8836| E: wally@zimolonglaw.com |
**www.zimolonglaw.com**
**www.supplementalconditions.com**



Construction Lawyers Society
of America™
F E L L O W

---

**From:** Wally Zimolong
**Sent:** Tuesday, March 19, 2019 3:56 PM
**To:** 'Rich Lazer' <Rich.Lazer@Phila.Gov>
**Cc:** 'Albert Hoffman' <ahoffman@road-con.com>; 'Kilbert, Nathan' <nkilbert@usw.org>;
'5c16ae101@maildrop.clio.com' <5c16ae101@maildrop.clio.com>
**Subject:** Philadelphia PLA - USW - 15TH Street Bridge over City Branch Railroad Cut
**Importance:** High

Mr. Lazer:

I am reaching out again regarding the Philadelphia PLA and the USW. Road-Con,
Inc. ("Road-Con") is a USW signatory contractor. I understand that Road-Con is
interested in bidding on the above referenced project that is subject to the –
unamended – PLA. Road-Con has inquired with Anthony Santaniello, Public
Works Manager, about the impact of the PLA on USW signatory contractors. Mr.
Santaniello said he would forward the inquiry to the Law Department.

At the time of the discussion between Road-Con and Mr. Santaniello, Road-Con was
unaware of the considerable progress we have made toward resolving the issues that

currently prevent USW signatories from bidding on Philadelphia projects subject to the standard PLA. I can only assume based on Mr. Santaniello's reply that he was as well.

From my perspective, we are at the 1 yard line in getting this issue resolved. I believe the final impediment towards resolution is squaring away some questions that counsel for the USW, Nate Kilbert (who is copied on this email), had. Since this bid is imminent, its time for everyone to lean in here to get this situation resolved and avoid what would be needless litigation, especially since we all agree in principal that the USW should be included in the PLA.

Therefore, can you please provide us with dates for a final phone call or in person meeting with you so that whatever questions the USW has can get resolved and USW contractors, like Road-Con, can move forwarded with bidding on Philadelphia projects and establishing a good working relationship with the City?

Wally Zimolong, Esquire
**Main Office**
353 West Lancaster Avenue, Suite 300 | Wayne, PA | 19087
**Mailing Address**
P.O. Box 552 | Villanova, PA | 19085-0552
V: 215.665.0842| M: 609.932.8836| E: wally@zimolonglaw.com |
**www.zimolonglaw.com**
**www.supplementalconditions.com**



Construction Lawyers Society
of America™
F E L L O W

# Exhibit N

**From:** Theresa Pilla <Theresa.Pilla@Phila.gov>
**Sent:** Thursday, March 28, 2019 8:47 AM
**To:** Samantha Hart <Samantha.Hart@road-con.com>; Anthony Santaniello
<Anthony.Santaniello@phila.gov>
**Subject:** Re: Supplemental Pre-Qualification Questionnaire

Good morning Samantha -

The bid has been postponed, it will now open Tues. 04-09-19, thus the approved bidders list will be posted about one week before, as is the city's standard.

Per my below instructions to Anthony, you can access the bid after the prequalification bid closes by NOT logging into the PHL Contracts, but just going in to view as the general public to open bids. You will then be able to see the bid and all of the documents, whether you ultimately end up as an approved bidder or not. Once approved bidders are added about a week before opening, then you will be able to sign in and actually submit a bid.

Regarding the project labor agreement, per our law department: The United Steelworkers are not one of the unions that are signatory to the Project Labor Agreement for this project. As stated in Article IV of the Project Labor Agreement, the "Unions" (defined as the Affiliates of the Philadelphia Building and Construction Trades Council), are the sole and exclusive bargaining representatives of all craft employees working on the Project within the scope of this Agreement. Also, the Union(s) are recognized as the source of employment referrals.

Thank you.



Procurement Technician I

City of Philadelphia

Procurement Department, Public Works

Municipal Services Building

Plaintffs0965

1401 J. F. Kennedy Boulevard, Room 120

Philadelphia, PA 19102

215.686.4712     215.686.4728 fax

theresa.pilla@phila.gov



www.PHLContracts.phila.gov

*Procurement – Focused on Service. Committed to Quality.*
*Let Us Know How We Did.*
**https://www.surveymonkey.com/r/proc_cust_excellence**

---

**From:** Samantha Hart <Samantha.Hart@road-con.com>
**Sent:** Thursday, March 28, 2019 8:32 AM
**To:** Anthony Santaniello
**Cc:** Theresa Pilla
**Subject:** RE: Supplemental Pre-Qualification Questionnaire

When will the approved bidders be notified?

If the job bids on April 2nd and we still don't know that is leaving very little time to work up a bid?

Road Con, Inc is a signatory with the United Steel Workers (heavy and Highway construction). Can the United Steel Workers be added to the Project Labor Agreement?

*Samantha M. Hart*
Road-Con, Inc.
902 Camaro Run Drive
West Chester, Pa. 19380
P: 610-429-8089
F: 610-429-8098

Plaintffs0966

# Exhibit O



# UNITED STEELWORKERS

## UNITY AND STRENGTH FOR WORKERS

Writer's Direct Dial: (412) 562 2548
Writer's E-mail: nkilbert@usw.org
Writer's Direct Fax: (412) 562-2429

March 29, 2019

*Via first-class mail and email to Rich.Lazer@phila.gov*
Richard Lazer
Deputy Mayor for Labor
205 City Hall
Philadelphia, PA 19107

Deputy Mayor Lazer,

I wrote to you on January 3 regarding the potential participation of the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC ("USW") in City of Philadelphia Project Labor Agreements and posing certain questions related to the obligations contained in Schedule C of the PLA. I have enclosed a copy of that letter. Unfortunately, despite several attempts at follow-up by me and by Wally Zimolong, attorney for USW-represented contractor PKF Mark III, we have received no substantive response.

In your November 26, 2018, letter to Mr. Zimolong, you expressed the City's willingness to modify the PLA language to permit USW-represented contractors to participate. My January 3 letter was an attempt to engage in good faith to facilitate USW agreement to the terms of the PLA.

This week, the City informed Road-Con, Inc., a USW-represented contractor, that affiliates of the Philadelphia Building and Construction Trades Council are the sole and exclusive bargaining representatives of all craft employees working on a projects within the scope of the PLA. A copy of this March 28 correspondence is attached.

Has the City's position regarding USW-represented contractors' participation in City PLAs changed? If not, please provide the information requested in my January 3 letter and refrain from awarding contracts based upon bidding processes that are arbitrarily excluding USW-represented contractors, including Runway 6-24 Pavement Rehabilitation at the Northeast Philadelphia Airport and the 15th Street Bridge Rehab.

Kindly advise as to the City's position as soon as possible.

Sincerely yours,

Nathan Kilbert
Assistant General Counsel

CC: Director Robert McAuliffe
    Director John Shinn
    Wally Zimolong, Esq.

United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union

60 Boulevard of the Allies, Pittsburgh, PA 15222 • 412-562-2400 • www.usw.org



# UNITED STEELWORKERS

**UNITY AND STRENGTH FOR WORKERS**

Writer's Direct Dial: (412) 562 2548
Writer's E-mail: nkilbert@usw.org
Writer's Direct Fax: (412) 562-2429

January 3, 2019

*Via first-class mail and email to Rich.Lazer@phila.gov*

Richard Lazer
Deputy Mayor for Labor
205 City Hall
Philadelphia, PA 19107

Deputy Mayor Lazer,

      The United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC ("USW") is interested in becoming a party to City of Philadelphia Project Labor Agreements. I have reviewed your November 26, 2018, letter to Wally Zimolong regarding a revised PLA that would permit USW-represented contractors to utilize their workforces and their collective bargaining agreements with the USW on City projects.

      The USW has a few questions related to the obligations contained in Schedule C of the PLA. The USW desires to increase the representation of minority men and women in construction occupations, and it would take seriously its obligations under Schedule C if it became a party to a City of Philadelphia PLA. The USW desires to know what participation goals under Schedule C have been found to be appropriate, both for the project workforce and for apprenticeship programs, for other unions and on other projects. The USW also wishes to understand what types of outreach efforts to minority men and women are regarded as appropriate and what alternatives to apprenticeship recruitment it should consider evaluating. Would it be possible for your office to answer these questions or to provide example reports of compliant activities by other unions (redacted, if necessary)?

      Finally, the USW is concerned with the third party monitoring discussed in Schedule C. Could you indicate whether any current projects are subject to such monitoring, and how many projects have been subject to such monitoring since 2008? What range of costs could be expected if third party monitoring is implemented on a specific project?

      Thank you for your efforts at facilitating USW participation in City of Philadelphia projects. We appreciate any information you could provide.

Sincerely yours,

Nathan Kilbert
Assistant General Counsel

---

**United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union**

60 Boulevard of the Allies, Pittsburgh, PA 15222 • 412-562-2400 • www.usw.org

**From:** Theresa Pilla <Theresa.Pilla@Phila.gov>
**Sent:** Thursday, March 28, 2019 8:47 AM
**To:** Samantha Hart <Samantha.Hart@road-con.com>; Anthony Santaniello
<Anthony.Santaniello@phila.gov>
**Subject:** Re: Supplemental Pre-Qualification Questionnaire

Good morning Samantha -


The bid has been postponed, it will now open Tues. 04-09-19, thus the approved bidders list will
be posted about one week before, as is the city's standard.


Per my below instructions to Anthony, you can access the bid after the prequalification bid
closes by NOT logging into the PHL Contracts, but just going in to view as the general public to
open bids. You will then be able to see the bid and all of the documents, whether you ultimately
end up as an approved bidder or not. Once approved bidders are added about a week before
opening, then you will be able to sign in and actually submit a bid.


Regarding the project labor agreement, per our law department: The United Steelworkers are not
one of the unions that are signatory to the Project Labor Agreement for this project. As stated in
Article IV of the Project Labor Agreement, the "Unions" (defined as the Affiliates of the
Philadelphia Building and Construction Trades Council), are the sole and exclusive bargaining
representatives of all craft employees working on the Project within the scope of this
Agreement. Also, the Union(s) are recognized as the source of employment referrals.


Thank you.


*Terri Pilla*

Procurement Technician I

City of Philadelphia

Procurement Department, Public Works

Municipal Services Building

1

1401 J. F. Kennedy Boulevard, Room 120

Philadelphia, PA 19102

215.686.4712    215.686.4728 fax

theresa.pilla@phila.gov



www.PHLContracts.phila.gov

*Procurement – Focused on Service. Committed to Quality.*
*Let Us Know How We Did.*
https://www.surveymonkey.com/r/proc_cust_excellence

**From:** Samantha Hart <Samantha.Hart@road-con.com>
**Sent:** Thursday, March 28, 2019 8:32 AM
**To:** Anthony Santaniello
**Cc:** Theresa Pilla
**Subject:** RE: Supplemental Pre-Qualification Questionnaire

When will the approved bidders be notified?

If the job bids on April 2nd and we still don't know that is leaving very little time to work up a bid?

Road Con, Inc is a signatory with the United Steel Workers (heavy and Highway construction). Can the United Steel Workers be added to the Project Labor Agreement?

*Samantha M. Hart*
Road-Con, Inc.
902 Camaro Run Drive
West Chester, Pa. 19380
P: 610-429-8089
F: 610-429-8098

# Exhibit P

 

Wally Zimolong, Esq.
Admitted in PA & NJ
wally@zimolonglaw.com

P.O. Box 552
Villanova, PA 19085-0552
215-665-0842 (P)
609-932-8836 (M)
215-689-3404 (F)

zimolonglaw.com
supplementalconditions.com

April 11, 2019

**Via Email (theresa.pilla@phila.gov)**
Terri Pilla
City of Philadelphia
Procurement Department, Public Works
Municipal Services Building
1401 J. F. Kennedy Boulevard, Room 120
Philadelphia, PA 19102

**Via Email J.Barry.Davis@phila.gov**
J. Barry Davis, Esquire
City of Philadelphia Law Department
1515 Arch Street, 17th Floor
Philadelphia, PA 19102

Re:     **Road-Con, Inc., et. al. v. City of Philadelphia, et. al.**
                 **U.S.D.C. No. _____.**

Dear Ms. Pilla and Mr. Davis:

I am counsel to Road-Con, Inc. ("Road-Con") and Loftus Construction, Inc. ("Loftus"). Road-Con, Loftus and two other contractors, Neshaminy Contractors, Inc. and PFK-Mark III, Inc. have engaged me to file a lawsuit against the City of Philadelphia and Mayor James Kenney to enjoin the City's continued use of its current project labor agreement ("PLA"). We are seeking an injunction against the City for, among other reason, the PLA's exclusion of the United Steel Workers (the "USW"). Plaintiffs are signatories to collective bargaining agreements with the USW.

My intention is to file the complaint and motion for a preliminary injunction in the United States District Court for the Eastern District of Pennsylvania on Monday, April 15, 2019. Two of the projects that will be part of that litigation are the Bid Solicitation B1904805 for the 15th Street Bridge Rehab Over City Branch Railroad Cut (the "15th Street Project") and City Bid Solicitation No. B1904626, PW Bid For PNE-0340.24 Runway 6-24 Pavement Rehabilitation - Package 2 (the "Runway Project"). The proposed bid opening date for the 15th Street Project is April 16, 2019. The proposed bid opening date for the Runway Project is also April 16, 2019. Road-Con and Loftus would like to submit bids on these projects. But, as is the subject matter of the litigation, cannot because they are signatories with the USW.




Wally Zimolong, Esq.
Admitted in PA & NJ
wally@zimolonglaw.com

P.O. Box 552
Villanova, PA 19085-0552
215-665-0842 (P)
609-932-8836 (M)
215-689-3404 (F)

zimolonglaw.com
supplementalconditions.com

     In lieu of my request for an *ex parte* temporary restraining order to enjoin the opening of those bids, we request that the City postpone or stay the bid awards pending the outcome of the litigation. Staying the bid awards will save all parties the time and expense of a Court appearance on Monday. Moreover, there is no prejudice to the City in staying the award of these bids. I understand that this bids have already been postponed and these are not emergency repairs.

     Please confirm the City's agreement to stay and postpone these bids by the close of business tomorrow, Friday, April 12, 2019. Please do not hesitate to contact me with any questions.

     Sincerely,

     ZIMOLONG, LLC

*Walter Zimolong*

     Wally Zimolong, Esquire