UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

**Road-Con, Inc.**; **Neshaminy Constructors, Inc.**; **Loftus Construction, Inc.**; **PKF-Mark III, Inc.**; and **Scott A. LaCava**,

    Plaintiffs,

v.

**City of Philadelphia**; and **James Kenney**, in his official capacity as mayor of the City of Philadelphia,

    Defendants.

Case No. 2:19-cv-01667-JS

## PLAINTIFFS' RESPONSE TO THE INTERVENORS' STATEMENT OF MATERIAL FACTS

The plaintiffs respectfully submit this response to the defendants' statement of material facts for which there is no genuine issue to be tried.

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Undisputed.

5. Disputed. The plaintiffs acknowledge that the text of Executive Order 4-20 refers to the goals of ensuring that a project is completed at the lowest reasonable cost, by the highest quality and most professional work force; and in a timely manner without labor disruptions such a strikes, lockouts or slowdowns. The plaintiffs, however, deny that the city's motivation for imposing project labor agreements was to attain these goals, because neither the city nor the intervenors have produced evidence of the city's actual motivations for imposing project labor agreements.

6. Undisputed.

7. Undisputed.

8. Disputed in part. The plaintiffs admit that the text of Executive Order 8-15 directs city agencies to review all proposed projects with an estimated construction cost of $3,000,000.00 or more to determine if the project would be appropriate for a PLA. *See* Executive Order 8-15 § 2(b) (attached as Ex. A to the intervenors' statement of material facts, ECF No. 78-1). The plaintiffs dispute that city agencies actually undertook the case-by-case review required by the text of Executive Order 8-15, and neither the intervenors nor the defendants have produced evidence of this.

9. Undisputed, but with the following clarification. The plaintiffs admit that the text of Executive Orders 8-15 and 4-20 provide that the City consider only certain specific projects for a PLA, factoring in the need to complete the project at the lowest reasonable cost, by the highest quality and most professional work force, and in a timely manner without labor disruptions such as strikes, lockouts, or slowdowns. *See* Executive Order 8-15 § 3(b) (attached as Ex. A to the intervenors' statement of material facts, ECF No. 78-1); Executive Order 4-20 § 2(b) (attached as Ex. B to the intervenors' statement of material facts, ECF No. 78-2). The plaintiffs are not, however, admitting or conceding that the city actually considered these factors when deciding whether to impose a PLA, and neither intervenors nor the defendants have produced evidence of this.

10. Undisputed.

11. Undisputed.

12. Undisputed.

13. Undisputed.

14. Undisputed.

15. Undisputed.

16. Undisputed.

17. Undisputed.

18. Disputed. Mr. Hoffman said only that Road-Con would "consider" bidding on a city public-works project that required a PLA if that project incorporated the collective-bargaining agreement from the Pennsylvania Heavy and Highway Contractors Bargaining Association.

> Q. Would you bid on a City of Philadelphia Public Works project that required a PLA if the United Steelworkers were a party to the PLA?
>
> A. That would require a review of the terms of the PLA. If the PLA agreement incorporated the collective-bargaining agreement from the Pennsylvania Heavy and Highway Contractors Bargaining Association, **then we could consider it**.
>
> Otherwise, I would have to refer to my attorney, Andrew Levi, to see if we could work under the terms of the PLA if it included the Steelworkers, but the terms did not mimic our current collective-bargaining agreement. So it's sort of a complex question.

Hoffman Dep. at 28:10–23 (emphasis added) (attached as Ex. E to intervenors' statement of material facts).

19. Disputed in part. Although Mr. Canuso said that Neshaminy Constructors would bid on a city public-works project that required a PLA if the United Steelworkers were included, he clarified that "[i]t would have to be our kind of project":

> Q. Okay. Would you bid on a City of Philadelphia Public Works project that required a PLA if the Steelworkers were included in the PLA?
>
> A. Yes.
>
> Q. Okay.
>
> A. It would have to be our kind of project.
>
> Q. Sure. All those other factors that we discussed before?
>
> A. All those other factors, yes.

Canuso Dep. at 30:12–20 (attached as Ex. F to intervenors' statement of material facts).

20. Disputed. The passage cited from Mr. Loftus's deposition does not support the intervenors' claim that Loftus "would not automatically be precluded from being awarded a City public-works project with an estimated budget over $3,000,000 and a PLA attached to it if the PLA allowed the contractors to employ workers who are members of the United Steelworkers." Instead, the cited passage from Mr. Loftus's deposition says:

> Q. Would you bid on a City of Philadelphia public works project that required a PLA if the United Steelworkers were a member of that PLA?
>
> A. Not without having seen the agreement. The agreements are all drafted by different individuals and it may not be something that we can comply with.
>
> The project labor agreement, by virtue of its term, is an agreement that's structured between, typically, as I understand it, the unions and the owner — in this case, the City of Philadelphia.
>
> They then give us that agreement and we have a choice to play by those rules or not play.
>
> Q. Okay.
>
> A. So I can't answer your question without seeing the agreement.
>
> Every agreement I've read is different.

Loftus Dep. at 28:13–29:7 (attached as Ex. G to intervenors' statement of material facts).

21. Disputed. The passage cited from Mr. Isenberg's deposition does not support the intervenors' claim that PKF-Mark III "could work on City public-works projects subject to a PLA if the United Steelworkers were signatories to that PLA." Instead, Mr. Isenberg said only that PKF Mark III "would certainly consider bidding" in that scenario:

> Q. Okay. Would PKF consider bidding on a City of Philadelphia Public Works project that requires a PLA if the United Steelworkers were signatory to the PLA?
>
> A. They would — PKF, we would certainly consider bidding on such a job.
>
> Q. And, in fact, PKF has done that in the past with other project owners; is that correct?

> A. At least New Jersey Department of Transportation, our Driscoll Bridge project, the Steelworkers were included and we did work under a PLA for that project.

Isenberg Dep. at 29:23–30:7 (attached as Ex. H to intervenors' statement of material facts).

22. Undisputed.

23. Disputed. The intervenors' statement implies that all four contractor plaintiff declined to bid on the 15th Street Bridge Project and the Runway Project after the city removed the PLA. But plaintiff Road-Con submitted bids for both the 15th Street Bridge Project and the Runway Project. *See* Defs.' Responses to Requests for Admission ¶¶ 49, 57 (attached as Exhibit 6 to plaintiffs' statement of material facts); Affidavit of Albert D. Hoffman ¶¶ 13, 18 (attached as Exhibit 1 to plaintiffs' statement of material facts). The plaintiffs admit that Neshaminy Constructors and Loftus Construction did not bid on the 15th Street Bridge Project or the Runway Project after the city removed the PLA.

24. Disputed. Mr. Loftus said that every PLA used by the city that ***he personally*** has reviewed is different—not that every PLA used by the city that Loftus Construction has reviewed is different. *See* Loftus Dep. at 29:6–29:7 ("Every agreement ***I've read*** is different." (emphasis added)) (attached as Ex. G to intervenors' statement of material facts).

25. Undisputed.

26. Disputed. The letter from Mr. Jury opines that the ***city of Philadelphia's*** project labor agreements are compatible with the First and Fourteenth Amendments; it does not assert that all PLAs are always constitutional, regardless of their content. *See* Letter from David R. Jury, General Counsel for United Steelworkers at 2 ("USW does <u>not</u>, however, agree that the PLAs violate the U.S. Constitution or federal law, as plaintiffs allege in Counts 1 and 2 of their Third Amended Complaint." (emphasis in original)) (attached as Exhibit J to the intervenors' statement of material facts). The plaintiffs also dispute the intervenors' (and Mr. Jury's) insinuation that they are somehow asserting "standing" on

behalf of the United Steelworkers, or that they are purporting to speak on behalf of the United Steelworkers or assert any harm on the United Steelworkers' behalf.

27. Disputed. The letter from Mr. Jury expresses a belief that "the diversity-and-inclusion provisions of Schedule C" in the city's PLA is compatible with the Fourteenth Amendment and 42 U.S.C. § 1981. *See* Letter from David R. Jury, General Counsel for United Steelworkers (attached as Exhibit J to the intervenors' statement of material facts). It does not assert that all PLAs are compatible with 42 U.S.C. § 1981. *See id.* The plaintiffs continue to dispute the intervenors' (and Mr. Jury's) insinuation that they are attempting to assert harm on the United Steelworkers' behalf.

28. Undisputed.

<table>
<tr><td></td><td>Respectfully submitted.</td></tr>
<tr><td>
WALTER S. ZIMOLONG<br>
Pennsylvania Bar No. 89151<br>
Zimolong, LLC<br>
P.O. Box 552<br>
Villanova, Pennsylvania 19085<br>
(215) 665-0842 (phone)<br>
wally@zimolonglaw.com
</td><td>
 /s/ Jonathan F. Mitchell<br>
JONATHAN F. MITCHELL<br>
Pennsylvania Bar No. 91505<br>
Mitchell Law PLLC<br>
111 Congress Avenue, Suite 400<br>
Austin, Texas 78701<br>
(512) 686-3940 (phone)<br>
(512) 686-3941 (fax)<br>
jonathan@mitchell.law
</td></tr>
<tr><td>Dated: December 20, 2021</td><td>*Counsel for Plaintiffs*</td></tr>
</table>

# CERTIFICATE OF SERVICE

I certify that on December 20, 2021, I served this document through CM/ECF upon:

AMY M. KIRBY
LYDIA FURST
Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, Pennsylvania 19102
(215) 683-3566
amy.kirby@phila.gov
lydia.furst@phila.gov

*Counsel for Defendants*

EDWARD T. KANG
SUSAN MOON O
123 South Broad Street, Suite 1670
Philadelphia, Pennsylvania 19109
(215) 525-5850 (phone)
(215) 525-5860 (fax)
ekang@khflaw.com
so@khflaw.com

*Counsel for Intervenors*

                                                    /s/ Jonathan F. Mitchell
                                                    JONATHAN F. MITCHELL
                                                    *Counsel for Plaintiffs*