UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| **Road-Con, Inc.**; **Neshaminy Constructors, Inc.**; **Loftus Construction, Inc.**; **PKF-Mark III, Inc.**; and **Scott A. LaCava**, <br><br>                          Plaintiffs, <br><br> v. <br><br> **City of Philadelphia**; and **James Kenney**, in his official capacity as mayor of the City of Philadelphia, <br><br>                          Defendants. | Case No. 2:19-cv-01667-JS |

### PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT ON A SEPARATE DOCUMENT

The plaintiffs respectfully ask the Court to enter its judgment on a separate document in accordance with Rule 58(a). *See* Fed. R. Civ. P. 58(a) ("Every judgment . . . must be set out in a separate document"); Fed. R. Civ. P. 58(d) ("A party may request that judgment be set out in a separate document as required by Rule 58(a)."). The defendants and intervenors are opposed to this motion.

Entry of judgment is needed because the Court's summary-judgment orders do not award relief awarded to the plaintiffs on the claims brought under the state competitive-bidding laws. The plaintiffs have prevailed on those claims, so the Court must enter a judgment or order that formally awards relief. *See, e.g.*, *In re Cendant Corp. Securities Litigation*, 454 F.3d 235, 241 (3d Cir. 2006) ("[A]n order will be treated as a separate document if it meets three criteria: first, the order must be self-contained and separate from the opinion; second, *the order must note the relief granted*; and third, the order must omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims."

(emphasis added)). The Court's order of December 14, 2022 (ECF No. 103), grants the plaintiffs' motion for summary judgment on the state-law competitive-bidding claims, but it does not award the plaintiffs relief. *See United Automobile Workers Local 259 Social Security Dep't v. Metro Auto Center*, 501 F.3d 283, 287–88 (3d Cir. 2007) ("[T]he District Court's order granting summary judgment satisfied the first and third requirements of the separate-document rule, but did not specify the relief to which the Fund was entitled."); *Bates v. Johnson*, 901 F.2d 1424, 1427–28 (7th Cir. 1990) ("When a judge does not record an injunction or declaratory judgment on a separate document, the defendant is under no judicial compulsion.").

Entry of judgment on a separate document is also necessary to make clear when the 30-day appeals clock starts to run, and to eliminate any possible contention that the Court's order of December 14, 2022, started the 30-day window for appealing the claims that it resolves. *See* Fed. R. App. P. 4(a)(7)(A)(ii); *LeBoon v. Lancaster Jewish Community Center Ass'n*, 503 F.3d 217, 224 (3d Cir. 2007); *see also Hanson v. Town of Flower Mound*, 679 F.2d 497, 502 (5th Cir. 1982) ("[I]t remains the better practice to have the judgment entered as a separate document."); *id.* at 500 n.2 ("The failure of litigants before this court to ensure that a judgment is entered as a separate document is all too frequent."); *Hammack v. Baroid Corp.*, 142 F.3d 266, 270 (5th Cir. 1998) ("Under the plain language of Fed. R. App. P. 4(a)(1) and Fed. R. Civ. P. 58, the thirty-day period for taking an appeal does not begin to run until the court has issued a separate document and records entry of the final judgment in its civil docket. Should a court fail to issue a separate document, a party seeking finality remains free to request one.").

The plaintiffs have attached to this motion a proposed judgment that accurately reflects this Court's disposition of the claims, as well as the relief to which the plaintiffs are entitled.

## CONCLUSION

The motion for entry of judgment on a separate document should be granted.

                                           Respectfully submitted.

                                           /s/ Jonathan F. Mitchell

WALTER S. ZIMOLONG                      JONATHAN F. MITCHELL
Pennsylvania Bar No. 89151               Pennsylvania Bar No. 91505
Zimolong, LLC                                   Mitchell Law PLLC
P.O. Box 552                                        111 Congress Avenue, Suite 400
Villanova, Pennsylvania 19085           Austin, Texas 78701
(215) 665-0842 (phone)                   (512) 686-3940 (phone)
wally@zimolonglaw.com                  (512) 686-3941 (fax)
                                                   jonathan@mitchell.law

Dated: April 6, 2023                          *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on April 6, 2023, I served this document through CM/ECF upon:

Lydia Furst
Divisional Deputy City Solicitor
Michael Pfautz
Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, Pennsylvania 19102
(215) 683-3566
lydia.furst@phila.gov
michael.pfautz@phila.gov

*Counsel for Defendants*

Edward T. Kang
Susan Moon O
Kang Haggerty & Fetbroyt LLC
123 South Broad Street, Suite 1670
Philadelphia, Pennsylvania 19109
(215) 525-5850
ekang@khflaw.com
so@khflaw.com

*Counsel for Intervenors*

 /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Plaintiffs*