**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Road-Con, Inc., Neshaminy Constructors, Inc., Loftus Construction, Inc., PKF-Mark III, and Scott A. LaCava, Plaintiffs, v. The City of Philadelphia, and James Kenney, in his official capacity as Mayor of the City of Philadelphia, Defendants, and Mechanical Contractors Association of Eastern Pennsylvania, Inc. d/b/a Mechanical and Service Contractors Association of Eastern Pennsylvania and National Electrical Contractors Association, Penn-Del-Jersey Chapter Intervenor-Defendants. | CIVIL ACTION<br><br>Case No. 2:19-cv-01667-JS |

**DEFENDANTS' AND INTERVENOR-DEFENDANTS'
MEMORANDUM OF LAW IN OPPOSITION TO
<u>PLAINTIFFS' MOTION FOR ENTRY OF A FINAL JUDGMENT</u>**

**I.    Introduction**

Defendants the City of Philadelphia and Mayor James Kenney ("Defendants" or "City") and Intervenor-Defendants Mechanical Contractors Association of Eastern Pennsylvania, Inc. d/b/a Mechanical and Service Contractors Association of Eastern Pennsylvania and National Electrical Contractors Association, Penn-Del-Jersey Chapter ("Intervenor-Defendants") oppose Plaintiffs' Motion for Entry of a Final Judgment for two reasons. First, the Court has already entered two separate summary judgment orders: an interlocutory order granting partial summary judgment and a final order disposing of the remaining claims. These two orders accurately note the disposition of all claims and fully satisfy the requirements of Federal Rule of Civil Procedure

58. Second, the proposed final judgment provided by Plaintiffs incorrectly states the relief granted and denied by the Court and fails to satisfy the requirements of Rule 58. Accordingly, the City and Intervenor-Defendants respectfully request that, if the Court decides in its discretion to issue a final judgment in this case, that it adopt the proposed final judgment provided as an attachment hereto and not the inaccurate final judgment provided by Plaintiffs.

## II.     Argument

### A.     Issuance of Another Separate Order is Unnecessary Because Document Nos. 103 and 111 Already Satisfy the Requirements of Rule 58

Federal Rule of Civil Procedure 58 requires that, except for certain circumstances not relevant here, "[e]very judgment and amended judgment must be set out in a separate document." F.R.C.P. 58(a). An order is considered a separate document for purposes of Rule 58 if it satisfies three requirements: "first, the order must be self-contained and separate from the opinion; second, the order must note the relief granted; and third, the order must omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims." *Cendant Corp.*, 454 F.3d 235, 241 (3d Cir. 2006). The two summary judgment orders issued by this Court – Document Nos. 103 and 111 – satisfy all of the requirements of Rule 58 and *Cendant*. The orders are separate from the Court's summary judgment opinions, they note all of the relief granted and denied, and they omit the Court's reasons for disposing of the parties' claims.

Plaintiffs do not challenge the adequacy of the Court's final order (Doc. 111). They only challenge the earlier interlocutory order[1] granting partial summary judgment as to the

---

[1] Plaintiffs claim potential confusion regarding the timeliness of an appeal of the interlocutory order. However, under the federal "merger rule," interlocutory orders, such as partial grants of summary judgment, merge with the final judgment in a case, so interlocutory orders, to the extent that they affect the final judgment, are reviewable on appeal from the final order. *Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 228-29 (3d Cir. 2019).

competitive bidding claim (Doc. 103), arguing it does not satisfy *Cendant*'s requirement to note the relief granted. Plaintiffs incorrectly claim that: (1) they fully prevailed on their claim brought under the state competitive bidding laws; and (2) the Court's summary judgment orders do not appropriately award them declaratory relief. *See* Mot. (Doc. 112) at 1. To the contrary, Plaintiffs only prevailed narrowly on their competitive bidding law claim as to the PLAs for two specific 2019 projects – the 15th Street Bridge Project and PNE Runway Project. Plaintiffs were awarded *only* declaratory relief and *only* as to these two 2019 projects. Plaintiffs lost their broader competitive bidding law challenge to the City's executive orders authorizing the use of PLAs on public works projects and their request for injunctive relief and broader declaratory relief was denied. *See* Doc.103. The December 14, 2022 Order accurately notes the disposition of these claims. *See id.* (noting that Defendants' and Defendants-Intervenors' Motions for Summary Judgment are granted "as to. . . the competitive bidding law claim challenging the City's Executive Orders," that "Plaintiffs' Motion for Summary Judgment is GRANTED as to their competitive bidding law claim challenging the Project Labor Agreements for the 15th Street Bridge Project and PNE Runway Project insofar as Plaintiffs seek declaratory relief," and that "Plaintiffs' request for a permanent injunction is DENIED").

      Plaintiffs cite two inapposite cases to attempt to support the claimed insufficiency of the Court's award of relief in the interlocutory summary judgment order that was decided partially in Plaintiffs' favor. In *United Automobile Workers Local 259 Social Security Dep't v. Metro Auto Center*, the Third Circuit held that the district court's summary judgment order was insufficient because, while it granted monetary relief, it failed to specify the amount. 501 F.3d 283, 287–88 (3d Cir. 2007). Here, in contrast, the order states that declaratory relief is awarded specifically (and only) as to Plaintiffs' claim that the PLAs for the 2019 15th Street Bridge and PNE Runway

Projects violated state competitive bidding laws. The Court's order is already as specific as it can be as to the narrow declaratory relief granted to Plaintiffs. *Bates v. Johnson*, which involved an oral grant of injunctive relief that was never put in writing at all, has no application here, where the Court properly issued written orders disposing of all claims. 901 F.2d 1424, 1427–28 (7th Cir. 1990).

In summary, with respect to Plaintiffs' competitive bidding claims, there was a mixed result and the Court specifically and accurately noted both the relief granted and the relief denied. *See* Doc.103 (noting that Defendants' and Defendants-Intervenors' Motions for Summary Judgment are granted "as to. . . the competitive bidding law claim challenging the City's Executive Orders," that "Plaintiffs' Motion for Summary Judgment is GRANTED as to their competitive bidding law claim challenging the Project Labor Agreements for the 15th Street Bridge Project and PNE Runway Project insofar as Plaintiffs seek declaratory relief," and that "Plaintiffs' request for a permanent injunction is DENIED"). Accordingly, issuance of another order in this case is not required under Rule 58.

B.   Plaintiffs' Proposed Final Judgment is Inaccurate and Inconsistent with Rule 58

If, however, the Court decides in its discretion to issue a further clarifying order, the Court should not adopt the final judgment order proposed by Plaintiffs (Doc No. 112-1), as it contains material inaccuracies and fails to comply with Rule 58. Plaintiffs' proposed final judgment order contains the following errors and omissions:

- Plaintiffs' proposed judgment incorrectly states that judgment is entered completely in favor of plaintiffs on "the claims brought under Pennsylvania's competitive-bidding laws." In fact, partial judgment was entered in favor of *Defendants and Defendant-Intervenors* on the competitive bidding law claims as

to the City's executive orders authorizing PLAs. *Compare* Doc.112-1 *with* Doc.103 (noting that Defendants' and Defendants-Intervenors Motions for Summary Judgment are granted "as to. . . the competitive bidding law claim challenging the City's Executive Orders . . ."). The Court narrowly granted partial summary judgment in Plaintiffs' favor only "as to their competitive bidding law claim challenging the Project Labor Agreements for the 15th Street Bridge Project and PNE Runway Project insofar as Plaintiffs seek declaratory relief." Doc. 103.

- Plaintiffs' proposed judgment fails to note that Plaintiffs' request for injunctive relief was denied. *Compare* Doc.112-1 *with* Doc No. 103 (noting "Plaintiffs' request for a permanent injunction is DENIED).

- Plaintiffs' proposed judgment fails to state that judgment is entered in favor of Defendants and Defendant-Intervenors and against Plaintiffs on Plaintiff's First Amendment claims. *Compare* Doc.112-1 (stating "[t]he plaintiffs' First Amendment claims are dismissed for lack of subject-matter jurisdiction") *with* Doc.103 (noting "[t]he City and the Associations' Motions for Summary Judgment are correspondingly GRANTED as to Plaintiffs' First Amendment claim).

The City and Intervenor-Defendants respectfully request that, if the Court is inclined to issue a further clarifying order, that the Court not adopt the proposed final judgment provided by Plaintiffs. If the Court is so inclined, the City and Intervenor-Defendants have provided a revised proposed final judgment, in both clean and redline, attached hereto as Exhibit A.

### III.     Conclusion

For all of the above reasons, Defendants and Intervenor-Defendants respectfully request that the Court deny Plaintiffs' Motion for Entry of a Final Judgment and decline to adopt or issue the proposed final judgment provided by Plaintiffs.

Date:  April 14, 2023                                                           Respectfully Submitted,

*/s/ Lydia Furst*_____
Lydia M. Furst (PA ID No. 307450)
Divisional Deputy City Solicitor
Michael Pfautz (PA ID No. 325323)
Deputy City Solicitor
CITY OF PHILADELPHIA LAW DEPARTMENT
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
(215) 683-3573
lydia.furst@phila.gov

KANG HAGGERTY LLC

By:     */s/ Susan Moon O*
Edward T. Kang
Henry J. Donner
Susan Moon O
123 S. Broad Street, Suite 1670
Philadelphia, PA 19109
P: (215) 525-5850
F: (215) 525-5860
ekang@kanghaggerty.com
hdonner@kanghaggerty.com
so@kanghaggerty.com
*Attorneys for Intervenor-Defendants*

**CERTIFICATE OF SERVICE**

  I, Lydia Furst, hereby certify that, on the date set forth below, I served a true and correct copy of the foregoing by Notice of Docket Activity sent automatically by CM/ECF to all counsel of record, who are registered as CM/ECF filing users and have consented to accepting electronic service through CM/ECF.

                       By: /s/ Lydia Furst
                           Divisional Deputy City Solicitor

Dated: April 14, 2023

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| **Road-Con, Inc.**; **Neshaminy Constructors, Inc.**; **Loftus Construction, Inc.**; **PKF-Mark III, Inc.**; and **Scott A. LaCava**,<br><br>Plaintiffs,<br><br>v.<br><br>**City of Philadelphia**; and **James Kenney**, in his official capacity as mayor of the City of Philadelphia,<br><br>Defendants. | Case No. 2:19-cv-01667-JS |

**[PROPOSED] FINAL JUDGMENT**

1. Judgment is entered in favor of defendants the City of Philadelphia and Mayor James Kenney, as well as intervenor-defendants Mechanical Contractors Association of Eastern Pennsylvania, Inc. d/b/a Mechanical and Service Contractors Association of Eastern Pennsylvania and National Electrical Contractors Association, Penn-Del-Jersey Chapter, and judgment is entered against plaintiffs Road-Con, Inc., Neshaminy Constructors, Inc., Loftus Construction, Inc., PKF-Mark III, Inc., and Scott A. LaCava on the claims brought under the First Amendment; the Equal Protection Clause; article I, sections 28 and 29 of the Pennsylvania Constitution; 42 U.S.C. § 1981; ~~and~~ the Philadelphia City Charter; and Pennsylvania's competitive-bidding laws insofar as they challenge Philadelphia's Executive Orders.

2. Judgment is entered in favor of plaintiffs Road-Con, Inc., Neshaminy Constructors, Inc., Loftus Construction, Inc., PKF-Mark III, Inc., and Scott A. LaCava, and judgment is entered against defendants the City of Philadelphia and Mayor James Kenney, as well as intervenor-defendants Mechanical Contractors Association of Eastern Pennsylvania, Inc.

d/b/a Mechanical and Service Contractors Association of Eastern Pennsylvania and National Electrical Contractors Association, Penn-Del-Jersey Chapter, on the claims brought under Pennsylvania's competitive-bidding laws challenging the Project Labor Agreements for the 15th Street Bridge Project and PNE Runway Project. The Court awards the following declaratory relief:

> The Court **DECLARES** that the project labor agreements ~~imposed on~~ for the Runway Project[1] and the 15th Street Bridge Project[2] violated Pennsylvania's competitive-bidding laws. ~~, including section 3911(a) of the Commonwealth Procurement Code; and~~
>
> 3. Plaintiffs' request for a permanent injunction is denied. ~~The plaintiffs' First Amendment claims are dismissed for lack of subject-matter jurisdiction.~~

~~3.~~

Dated: _____

JUAN R. SÁNCHEZ
UNITED STATES DISTRICT JUDGE

---

1. City Bid Solicitation No. B1904626, PW Bid For PNE-0340.24 Runway 6-24 Pavement Rehabilitation - Package 2.
2. Bid Solicitation B1904805.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| **Road-Con, Inc.**; **Neshaminy Constructors, Inc.**; **Loftus Construction, Inc.**; **PKF-Mark III, Inc.**; and **Scott A. LaCava**,<br><br>     Plaintiffs,<br><br>v.<br><br>**City of Philadelphia**; and **James Kenney**, in his official capacity as mayor of the City of Philadelphia,<br><br>     Defendants. | Case No. 2:19-cv-01667-JS |

**[PROPOSED] FINAL JUDGMENT**

1. Judgment is entered in favor of defendants the City of Philadelphia and Mayor James Kenney, as well as intervenor-defendants Mechanical Contractors Association of Eastern Pennsylvania, Inc. d/b/a Mechanical and Service Contractors Association of Eastern Pennsylvania and National Electrical Contractors Association, Penn-Del-Jersey Chapter, and judgment is entered against plaintiffs Road-Con, Inc., Neshaminy Constructors, Inc., Loftus Construction, Inc., PKF-Mark III, Inc., and Scott A. LaCava on the claims brought under the First Amendment; the Equal Protection Clause; article I, sections 28 and 29 of the Pennsylvania Constitution; 42 U.S.C. § 1981; the Philadelphia City Charter; and Pennsylvania's competitive-bidding laws insofar as they challenge Philadelphia's Executive Orders.

2. Judgment is entered in favor of plaintiffs Road-Con, Inc., Neshaminy Constructors, Inc., Loftus Construction, Inc., PKF-Mark III, Inc., and Scott A. LaCava, and judgment is entered against defendants the City of Philadelphia and Mayor James Kenney, as well as intervenor-defendants Mechanical Contractors Association of Eastern Pennsylvania, Inc.

d/b/a Mechanical and Service Contractors Association of Eastern Pennsylvania and National Electrical Contractors Association, Penn-Del-Jersey Chapter, on the claims brought under Pennsylvania's competitive-bidding laws challenging the Project Labor Agreements for the 15th Street Bridge Project and PNE Runway Project. The Court awards the following declaratory relief:

> The Court **DECLARES** that the project labor agreements for the Runway Project[1] and the 15th Street Bridge Project[2] violated Pennsylvania's competitive-bidding laws.

3. Plaintiffs' request for a permanent injunction is denied.


Dated: _____

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　JUAN R. SÁNCHEZ
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

1. City Bid Solicitation No. B1904626, PW Bid For PNE-0340.24 Runway 6-24 Pavement Rehabilitation - Package 2.
2. Bid Solicitation B1904805.