IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROAD-CON, INC., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-1667 |
| | : | |
| THE CITY OF PHILADELPHIA, et al. | : | |

**<u>ORDER</u>**

AND NOW, this 18th day of April, 2023, upon consideration of Plaintiffs' Motion for Entry of Judgment on a Separate Document (ECF No. 112) and Defendants' and Intervenor-Defendants' Memorandum of Law in Opposition, it is hereby ORDERED the Motion is DENIED.[1]

---

[1] Plaintiffs Road-Con, Inc., et al. ask the Court to enter its judgment on a separate document pursuant to Federal Rule of Civil Procedure 58(a). On December 14, 2022, the Court entered a partial summary judgment Order adjudicating all but one of Plaintiffs' claims. ECF No. 103. This last claim was denied without prejudice and the Court asked the Parties to submit supplemental briefing. *Id.* On March 27, 2023, the Court issued a second Order deciding the final claim. ECF No. 111. This second Order also closed the case. *Id.* Plaintiffs now claim (a) the Court did not award relief and (b) entry of judgment on a separate document "is necessary to make clear when the 30-day appeals clock starts to run" for the claims adjudicated in the first Order. Mot. Entry J. Separate Doc. (hereinafter "Mot. Entry J.") 1-2, ECF No. 112. Because (a) the Court awarded relief and (b) the first partial summary judgment Order merges with the second, final Order for appellate purposes, the motion is denied.

Plaintiffs first argue the Court's Orders do not satisfy Rule 58 because they did not award relief. Mot. Entry J. 1, ECF No. 112. Under Federal Rule of Civil Procedure 58(a), "[e]very judgment and amended judgment must be set out in a separate document." In the Third Circuit:

> an order will be treated as a separate document if it meets three criteria: first, the order must be self-contained and separate from the opinion; second, the order must note the relief granted; and third, the order must omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims.

*In re Cendant Corp. Sec. Litig.*, 454 F.3d 235, 241 (3d Cir. 2006). The relevant part of the Court's first Order reads: "[p]laintiffs' Motion for Summary Judgment is GRANTED as to their competitive bidding law claim . . . *insofar as Plaintiffs seek declaratory relief*." ECF No. 103 (emphasis added). This sentence clearly states the relief granted by the Court. Though Plaintiffs request a more direct statement, Rule 58 does not require it. *See, e.g.*, *Cumberland Mut. Fire Ins. Co. v. Express Prods., Inc.*, 529 F. App'x 245, 250 (3d Cir. 2013) (stating the summary judgment order entered by the district court in a declaratory action satisfied Rule 58's requirements, though the district court did not expressly note it was granting declaratory relief).

Plaintiffs also argue entry of judgment on a separate document "is necessary to make clear when the 30-day appeals clock starts to run" for the claims adjudicated in the Court's first Order.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

Mot. Entry J. 2, ECF No. 112. But "partial grants of summary judgment, merge with the final judgment in a case, and . . . (to the extent that they affect the final judgment) may be reviewed on appeal from the final order." *Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 228 (3d Cir. 2019) (internal quotation marks and citations omitted). Accordingly, for the purposes of appellate review the Court's partial summary judgment Order of December 14, 2022 merges with the Court's final Order of March 27, 2023.